**Virginia PARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00318–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1987.

Rehearing Denied Dec. 10, 1987.

Discretionary Review Refused
March 9, 1988.

Bruce Robertson, Jr., Terri Peace, San Antonio, for appellant.

Fred G. Rodriguez, E. Dickinson Ryman, Charles Estee, Al Hernandez, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

**OPINION**

CHAPA, Justice.

Appellant, Virginia Parra, was convicted by a jury of murder and assessed punishment of life imprisonment. The issues before us are:

1. whether the speedy trial act applies;
2. whether the indictment should have been quashed because:
   a. it failed to allege:
      1. appellant deliberately acted with a reasonable expectation that the death of another would result;
      2. a probability the appellant would commit acts which would constitute a continuing threat to society;
      3. the response of appellant to provocations, if any, by the deceased, was unreasonable;

   4. that appellant intentionally and knowingly caused the death of Jose Parra by employing Michael Thompson;
   b. it charges both capital murder and murder.
3. whether the confession was erroneously admitted in evidence because:
   a. there was no article 38.22 warning of the Texas Code of Criminal Procedure given by the officer who took the statement;
   b. the article 38.22 of the Texas Code of Criminal Procedure warning as to the right of appellant to terminate the interview at any time is not shown on the face of the confession; and
   c. the article 38.22 of the Texas Code of Criminal Procedure warning that any statement of appellant may be used against her is not shown on the face of the confession;
4. whether a mistrial was called for due to news photographers photographing appellant in presence of a juror;
5. whether the evidence is sufficient to sustain the conviction.

The initial contention of a violation of TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Speedy Trial Act) is rejected in that the article has now been held unconstitutional. *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App. 1987) (motion for reh'g pending). Even if the merits of appellant's contention are reached, they must be rejected. The original indictment was filed on May 8, 1985 and the state announced ready on May 13, 1985, well within the 120 day statutory period. The state filed a re-indictment on December 23, 1985 because it felt the original indictment was defective. Appellant concedes in his brief that the re-indictment was for the same offense as the original indictment. Under these circumstances, the announcement of ready as to the first indictment carried forward to the re-indictment. *Perez v. State,* 678 S.W.2d 85, 86 (Tex.Crim.App. 1984); *Pena v. State,* 662 S.W.2d 430, 433 (Tex.App.—Corpus Christi 1983, no pet.). The state's announcement constituted a prima facie showing of conformity to the Act

and appellant then had the burden to rebut the state's announcement of ready by introducing evidence showing that the state was not ready during the applicable time limits. *Lopez v. State,* 628 S.W.2d 82, 84 (Tex. Crim.App.1982). Appellant has not sufficiently rebutted the state's claim of preparedness. The point is rejected.

The next complaint deals with whether the indictment should have been quashed.

■ In her first three allegations, the appellant alleges the motion to quash was justified because the indictment fails to allege the special issues of TEX.CODE CRIM.PROC.ANN. art. 37.071 (Vernon Supp.1987). This exact contention was presented to this Court in *Aranda v. State,* 640 S.W.2d 766 (Tex.App.—San Antonio 1982, no pet.). This Court held that a capital murder indictment need not allege the special issues of article 37.071. We reject these complaints.

■ Appellant then alleges the indictment should have been quashed for failing to allege the appellant employed Michael Thompson for remuneration. Before an appellant can complain about a "notice defect" in an indictment which would justify quashing it, a showing must be made that the particular "notice defect" prejudiced significantly his ability to prepare a defense. *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App.1986); *Opdahl v. State,* 705 S.W.2d 697 (Tex.Crim.App.1986). Where the defect in the indictment effects the aggravating element of the principal offense charged, no error is shown if the appellant is only convicted of the lesser included offense. *Pannell v. State,* 666 S.W.2d 96, 99 (Tex.Crim.App.1984). In this case, appellant has failed to show how this alleged defect prejudiced her ability to prepare her defense. Further, appellant was convicted of the lesser included offense of murder and the alleged defect effected the allegation of capital murder. This contention is rejected.

Appellant then contends the indictment should have been quashed because it charged two separate offenses, capital murder and murder. The indictment states as follows:

... did then and there knowingly and intentionally CAUSE THE DEATH OF AN INDIVIDUAL, JOSE PARRA BY STABBING HIM WITH A KNIFE AND THE SAID VIRGINIA PARRA DID THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE DEATH OF THE SAID JOSE PARRA BY EMPLOYING, HERBERT L. OWENS FOR REMUNERATION AND THE PROMISE OF REMUNERATION, TO-WIT: ONE (1) AUTOMOBILE TO MURDER THE SAID JOSE PARRA AND PURSUANT TO THE EMPLOYMENT SUCH MURDER WAS INTENTIONALLY AND KNOWINGLY COMMITTED BY THE SAID MICHAEL THOMPSON AND HERBERT L. OWENS BY STABBING THE SAID JOSE PARRA WITH A KNIFE; ...

TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974) provides:

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

TEX.PENAL CODE ANN. § 19.03(a)(3) (Vernon Supp.1987) provides:

(a) A person commits an offense if he commits murder as defined in Section 19.02(a)(1) of this code and:

\*    \*    \*    \*    \*    \*

(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration;

■ The indictment, though not artfully drawn, alleges that appellant committed murder and that she committed that murder by employing another to commit the murder for remuneration. An indictment which is not grammatically correct and which does not mislead the appellant, but which gives appellant fair notice of the offense with which he is charged is not grounds for reversal. *White v. State,* 543 S.W.2d 104, 106 (Tex.Crim.App.1976). We hold that the indictment sufficiently alleged one charge, capital murder; that although inartfully drawn, it did not mislead the appellant but gave her fair notice of

the offense with which she was charged; and that appellant failed to show how the defect, if any, prejudiced her ability to prepare a defense. *Adams v. State,* 707 S.W.2d 900; *Opdahl v. State,* 705 S.W.2d 697. The complaint is rejected.

■ Appellant next complains listing three reasons under the same point of error why the confession is inadmissible. When a point of error is multifarious, nothing is present for review. *Brown v. State,* 640 S.W.2d 275, 280 (Tex.Crim.App.1982). However, we have nevertheless reviewed the complaints and find that there is no reversible error.

■ The complaints relate to the requirements of TEX.CODE CRIM.PROC. ANN. art. 38.22 (Vernon Supp.1987) which we note are applicable to "statements of the accused made as a result of custodial interrogation." The requirement of art. 38.22, like that of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are not applicable to statements resulting from noncustodial interrogation. *State of Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *Stone v. State,* 583 S.W.2d 410 (Tex.Crim. App.1979).

The Supreme Court of the United States in *Mathiason,* reiterated the necessity for custodial interrogation before triggering the application of the *Miranda* requirements. Mathiason, a parolee suspected of a burglary, was requested to come to the police station; was told he was not under arrest, but was suspected of the burglary; was falsely told his fingerprints were found at the scene of the burglary and that his truthfulness would be considered; and was interrogated at the police station with doors closed, which resulted in a statement. In holding that the interrogation was not custodial, the Supreme Court stated:

Such a non-custodial situation is not converted to one in which Miranda applies simply because a reviewing court concludes that even in the absence of any formal arrest or restraint on freedom of movement, the questioning took place in a 'coercive environment.' Any interview of one suspected of a crime by a police

officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714, 719 (1977).

Likewise, the Texas Court of Criminal Appeals in *Stone v. State,* 583 S.W.2d at 413 held art. 38.22 inapplicable because the interrogation was non-custodial when Stone, after being questioned twice and released, went to the police station; was given a polygraph test which he failed; was told he would probably be charged; was not placed under arrest or told he could not leave; and made a statement.

The record before us reflects that police officer Don Youngblood requested appellant to come to the police station to clear up some discrepancies in her prior statement; that she came to the police station voluntarily; that at the time she was one of several suspects to the crime; that she was not placed under arrest but could have left if she had desired; was not promised anything or coerced in any way; and voluntarily made a confession after warnings which appellant contends were defective. Under the rationale of *Mathiason* and *Stone,* we hold the interrogation was not custodial and the provisions of art. 38.22 are inapplicable.

Further, we are convinced from a review of the record that the warnings given substantially complied with the requirements of art. 38.22 even if the interrogation should be declared custodial. Appellant contends that the face of the confession does not show the appellant was advised of her right to terminate the interview at any time or that any statement she made may be used as evidence against her in court.

■ The appellant's confession indicates the following warning on the face of the statement:

I, Virginia A. Parra, after first being duly warned by Lt. Youngblood # 411, at 2:30 P.M. at Converse Police Dept: on February 19th, 1985 that I have the right to have a lawyer present to advise me

either prior to any questioning or during any questioning; and that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to counsel with me prior to or during any questioning; and that I have the right to remain silent and not make any statement at all; and further, *that any statement I make will be used in evidence against me at my trial; that if I decide to talk with any one, I can, and that I can stop talking to them at any time I want; The above rights are continuing rights which can be urged by me at any stage of the proceedings,* and I do hereby voluntarily waive these rights and give to the said K. Riffe # 454 C.P.D. the person to whom this statement is being made, the following statement:

\* \* \* \* \* \*

"A warning which conveys on the face of the statement, in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute." *Penry v. State,* 691 S.W.2d 636, 643 (Tex. Crim.App.1985). Article 38.22(2)(a)(1) and (5) requires the accused be warned that:

(1) he has the right to remain silent and not make any statement at all and any statement he makes may be used against him at his trial;

\* \* \* \* \* \*

(5) he has the right to terminate the interview at any time; ...

We hold that the warning in the face of the statement conveys "the exact meaning of the statute" and "is sufficient to comply with the statute." *Penry v. State,* 691 S.W.2d at 643.

Appellant also contends "the warning required by TEX.CODE CRIM.PROC.ANN. art. 38.22 was not given to appellant by the officer to whom the confession was made." We disagree.

■ The record reflects that the Miranda warnings were given appellant by officer Don Youngblood; that the warnings on the face of the confession were given appellant by officer Kimberly Riffe prior to the taking of the statement and in the presence of officer Youngblood; that ap-pellant indicated she understood her rights and voluntarily waived them; that appellant was not coerced or threatened at any time; that the statement was dictated to officer Riffe by appellant partially in the presence of officer Youngblood; that the appellant had the statement read back to her and was provided an opportunity to make any corrections she desired to make; that the statement was signed by the appellant in the presence of Don Youngblood; and that officer Riffe wrote down everything that was dictated by the appellant in the statement introduced in trial. Therefore, under the circumstances, whether the confession was made to Youngblood or Riffe, both gave sufficient warnings to appellant to comply with article 38.22. The complaint is overruled.

■ Appellant next complains that the trial court refused to grant her a mistrial because she alleges news photographers photographed her being led into the courtroom in the presence of a juror. Appellant fails to cite any authorities or indicate how she has been prejudiced by the alleged incident.

Two deputies escorting an accused, without handcuffs and in civilian clothing, from a courtroom during recess in the presence of prospective jurors, does not violate his presumption of innocence rights. *Banks v. State,* 643 S.W.2d 129, 133 (Tex.Crim.App. 1982).

The record reflects that the appellant was escorted, without handcuffs and in civilian clothing, by the bailiff back to the courtroom when the photographing took place; that one juror was in the area where the photographing took place; and that the juror was looking out the window and appeared not to notice. Thus the appellant has failed in her burden of showing abuse of discretion by the trial judge in denying the mistrial. We reject the complaint.

■ In her final complaint, appellant contends the evidence is insufficient to sustain the conviction.

The standard of review in both circumstantial and direct evidence cases requires that we examine the evidence in the light

most favorable to the prosecution and determine whether a rational trier of the facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). In a jury trial, reconciliation of conflicts on contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. TEX.CODE CRIM.PROC. ANN. art. 36.13 (Vernon 1981) and 38.04 (Vernon 1979); *Bowden v. State*, 628 S.W. 2d 782, 784 (Tex.Crim.App.1982).

The evidence disclosed that Jose Parra's death resulted when he was stabbed with a knife by Herbert L. Owens, also known as Germaine, and after being struck with a jack-handle by Michael Thompson. The allegation was that the appellant encouraged, directed, aided, or attempted to aid the two to commit the murder. Michael Thompson and Daniel Albert Decento, who were also involved, testified and implicated the appellant. Owens did not testify. Appellant contends that because Michael Thompson and Daniel Albert Decento were accomplices, under the provisions of TEX.CODE CRIM.PROC.ANN. art. 38.14, the conviction cannot stand because there was no other evidence tending to connect the appellant with the murder. The state does not contest the accomplice assertions of the appellant, but argues that the confession of the appellant is sufficient "other evidence" to connect the appellant to the crime. We agree.

TEX.CODE CRIM.PROC.ANN. art. 38.-14 (Vernon 1979) states:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

"The test to determine the sufficiency of the corroboration is to eliminate from consideration the testimony of the accomplice witness and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence which tends to connect the accused with the commission of the offense. *Brown v. State*, 672 S.W.2d 487 (Tex.Crim.App.1984); *Edwards v. State*, 427 S.W.2d 629 (Tex.Crim.App. 1968)." *Cruz v. State*, 690 S.W.2d 246, 250 (Tex.Crim.App.1985). "It is sufficient if the combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses tends to connect the accused with the commission of the offense. *Granger v. State*, 683 S.W.2d 387 (Tex.Cr.App.1984)." *Romero v. State*, 716 S.W.2d 519, 523 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 963, 93 L.Ed.2d 1011 (1987). A statement of the accused containing evidence which tends to connect the accused with the crime can be sufficient non-accomplice testimony to corroborate the testimony of the accomplice. *Romero v. State*, 716 S.W.2d at 523.

The statement of appellant admits she requested Owens, also known as Germaine, to "do Jose [deceased] in"; that she offered Germaine Jose's car "if he would do Jose in"; that she cooperated with both Owens and Thompson in getting Jose into bed where the murder took place; and that Owens left with Jose's car after the murder. Eliminating the testimony of the accomplice witnesses, we find sufficient evidence tending "to connect the accused with the commission of the offense." *Cruz v. State*, 690 S.W.2d at 250. The point is rejected.

The judgment is affirmed.