Brown-C v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-184-CR

     COLEEN BROWN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 230th District Court
Harris County, Texas
Trial Court # 669,481
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Coleen Brown from her conviction for capital murder, for
which she was assessed confinement for life in the Texas Department of Criminal Justice,
Institutional Division.
      The record reflects that Appellant hired her nephew, David Chimene, to kill her husband,
James Brown, Jr. Chimene testified that Appellant agreed to give him Brown's truck and guns
if he would kill Brown, and that he shot Brown in the head while he was sleeping. Three other
witnesses testified that Appellant had stated she was looking for someone to kill Brown. 
Appellant's son testified he heard Appellant tell Chimene he would get the truck and guns for
killing Brown. The pathologist testified that Brown died from a gunshot wound in the head.
      Appellant appeals on one point of error: "The evidence is insufficient to support a conviction
for capital murder because the application paragraph of the court's charge to the jury authorized
them to convict Appellant of capital murder if she intentionally or knowingly caused the death of
James Brown, Jr."
      The indictment, in pertinent parts, states that Appellant " . . . on or about August 22, 1992,
did then and there unlawfully, intentionally and knowingly, with specific intent to commit the
capital murder of James Brown, Jr., cause the death of the said James Brown, Jr., by shooting him
with a deadly weapon, namely, a firearm, and the defendant employed David Chimene to commit
the murder for remuneration and promise of remuneration." 
      Texas Penal Code § 19.02(a)(1) provides that a person commits murder if he intentionally and
knowingly causes the death of an individual.
      Texas Penal Code § 19.03(a)(3) provides that a person commits capital murder if he commits
murder as defined under section 19.02(a)(1), and the person . . . employs another to commit the
murder for remuneration or the promise of remuneration.
      The trial court instructed the jury in pertinent part:
A person is criminally responsible for the offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the offense, solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense. The
term "conduct" means any act or omission and its accompanying mental state.
To warrant a conviction of the defendant, Coleen Brown, of capital murder, you
must find from the evidence beyond a reasonable doubt that the defendant intentionally
employed or hired David Chimene to kill James Brown, Jr.; and the defendant paid or
promised remuneration to kill James Brown, Jr., as alleged in the indictment; and David
Chimene agreed to kill James Brown, Jr., pursuant to such employment by the defendant;
and David Chimene did, on or about the 22nd day of August 1992, in Harris County,
Texas, intentionally kill James Brown, Jr., by shooting him with a deadly weapon,
namely, a firearm, pursuant to such agreement for remuneration by the defendant. If you
should have a reasonable doubt as to the existence of any of the foregoing elements, then
you cannot find the defendant guilty of capital murder.
Now, if you find from the evidence beyond a reasonable doubt that on or about the
22nd day of August 1991, in Harris County, Texas, the defendant, Coleen Brown, did
then and there unlawfully, intentionally or knowingly, with the specific intent to commit
the capital murder of James Brown, Jr., cause the death of said James Brown, Jr., by
shooting him with a deadly weapon, namely, a firearm, and the defendant employed
David Chimene to commit the murder for remuneration or promise of remuneration, then
you will find the defendant guilty of capital murder as charged in the indictment.
      Appellant argues that since the theory of parties is not presented in the application paragraph
of the charge, that the State's evidence is necessarily insufficient as a matter of law. Appellant
cites Biggins v. State, (Tex. Crim. App.) 824 S.W.2d 179, holding that to convict a defendant as
a party, the law of parties had to be incorporated within the application paragraph of the charge.
      Under Texas Penal Code § 19.03(a)(3), the concept of parties is included in the definition of
the offense. A person commits capital murder under this section if he "employs another to commit
murder for remuneration." No further instruction in the application clause was required other than
that which Appellant complains of in her point of error. Parra v. State, (Tex. App.—San
Antonio) 743 S.W.2d 281, 284.
      Moreover, the trial court's application paragraph is proper and sufficient to charge the jury
under the indictment in this case, as well as under the law of parties. Satterwhite v. State, (Tex.
Crim. App.) 786 S.W.2d 271, 289.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 16, 1994
Do not publish