# NO. 12-12-00056-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK DAMAR MCGOWAN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Patrick Damar McGowan appeals his conviction for the offense of aggravated sexual assault of a child. Appellant raises one issue on appeal relating to the admissibility of a recorded statement. We affirm.

### BACKGROUND

A Smith County grand jury indicted Appellant for the offense of aggravated sexual assault of his girlfriend's six-year-old daughter, T.A.[1] T.A.'s mother testified at trial that on December 14, 2010, Appellant was in their bedroom alone with T.A. while T.A. was playing a video game.[2] Suspicious that something was wrong, T.A.'s mother sneaked down the hall to the bedroom. As she entered the doorway, she saw T.A. bent over the bed with her pants and panties down while playing the video game. Appellant was behind T.A. with his pants "halfway down," but when T.A.'s mother entered the room, Appellant hurriedly pulled up his pants. When T.A.'s mother

---

[1] For purposes of confidentiality, we use initials or pseudonyms to identify the testifying witnesses.

[2] Appellant, T.A.'s mother, T.A.'s grandmother, T.A.'s brother, and T.A. lived together at the time of the offense.

saw Appellant behind her daughter, Appellant told her, "It's not what you seen." T.A.'s mother testified that when she walked into the bedroom, she saw Appellant's penis.

In a state of shock, T.A.'s mother left Appellant and T.A. and went to her neighbor's apartment. After T.A.'s mother told the neighbor what she saw, the neighbor took T.A. from her mother's apartment. Once T.A. was in the neighbor's apartment, Appellant tried to talk to T.A.'s mother through the closed door saying, "Baby, I didn't do that. That's not what you seen."

After T.A. told her what had happened, the neighbor drove T.A., T.A.'s mother, and Appellant to the hospital. Appellant sat next to T.A. in the back seat and was whispering to her as they rode in the car.

Once they arrived at the hospital, the two women took T.A. inside where she underwent a sexual assault examination. The examiner observed no trauma, other than redness in the vaginal area, and found no bodily fluids or DNA. Appellant remained in the hospital parking lot while T.A., her mother, and the neighbor were inside.

Appellant was approached by two local officers who transported him to the police department where he was interviewed by one of the local detectives. Over a period of two hours, Appellant gave an oral statement that was recorded and ultimately played to the jury at his trial.

T.A. was seven years old when she testified at trial. Her testimony revealed that Appellant "touched" her "behind" with his penis while she played the video game. She testified that on the night she went to the hospital, Appellant put his penis in her "behind" and in her mouth. She explained that when he put his penis in her "behind," it "kind of hurt," that "yucky stuff" came out of Appellant's penis, some of it got in her mouth, and it "tasted yucky."

A jury convicted Appellant of aggravated sexual assault of a child. The jury assessed punishment at seventy-five years of imprisonment and a fine of $10,000.

## ARTICLE 38.22 WARNING REQUIREMENTS

In his sole issue, Appellant argues that the investigating officer failed to admonish him of his "right to terminate the interview at any time" as required by Article 38.22, Section 2, subsection (a)(5) of the Texas Code of Criminal Procedure. The State argues that Appellant failed to preserve error and, alternatively, that the warnings Appellant received were in substantial compliance with the statute. The State also contends that if we conclude the statement was

erroneously admitted, the error was harmless.

## Preservation of Error

In preserving error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling. *See* TEX. R. APP. P. 33.1; ***Wilson v. State***, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Absent an adverse ruling of the trial court that appears in the record, there is no preservation of error. ***Darty v. State***, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); ***Nicholas v. State***, Nos. 12-10-00392-CR, 12-10-00393-CR, 2011 WL 3273958, at *1 (Tex. App.—Tyler July 29, 2011, no pet.).

Here, the trial court held a separate hearing prior to trial in which it signed findings of fact and conclusions of law and ruled that the statement was admissible. Prior to the admission of the statement at trial, defense counsel again objected as follows:

> We would object to the confession for the reason, in addition to all the other reasons, that Detective Swan did not comply with the requirements of Article 38.22, as far as the warnings that he gave. . . . Since Detective Swan did not fully advise him in accordance with Article 38.22, we respectfully suggest that it would be impossible to waive a right or combination of rights about which he was not affirmatively advised. . . .

The trial court responded that "[f]rankly, that's what I already understood your objections to be." The court then overruled Appellant's objection. Based on the record before us, we conclude that Appellant properly preserved error.

## Standard of Review

In reviewing a challenge to the admissibility of a defendant's oral statement, we apply a bifurcated standard of review. *See **Guzman v. State***, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); ***McCulley v. State***, 352 S.W.3d 107, 117 (Tex. App.—Fort Worth 2011, pet. ref'd). We give almost total deference to a trial court's rulings on mixed questions of law and fact if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. ***Guzman***, 955 S.W.2d at 89. But when the resolution of a mixed question of law and fact does not fall within this category, we apply a de novo standard of review to the trial court's ruling. *See **id.***

## Article 38.22 and Substantial Compliance

Appellant argues that his oral statement was inadmissible because he was not advised of his right to terminate the interview as required by Article 38.22. *See* TEX. CODE CRIM. PROC.

3

ANN. art. 38.22 §§ 3(a)(2), 2(a)(5) (West 2005). The right to terminate an interview is an additional warning that the Texas Legislature granted suspects when it codified the *Miranda* warnings by creating Article 38.22, Section 2(a) of the Texas Code of Criminal Procedure. *Jones v. State*, 944 S.W.2d 642, 650 n.11 (Tex. Crim. App. 1996); *see also* ***Herrera v. State***, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) ("The warnings provided in Section 2(a) are virtually identical to the *Miranda* warnings, with one exception—the warning that an accused 'has the right to terminate the interview at any time' as set out in Section 2(a)(5) is not required by *Miranda*.") (footnotes omitted). Thus, the statutory warnings provide an additional safeguard for the invocation of an accused's Fifth Amendment right against self-incrimination. *See* ***Perillo v. State***, 758 S.W.2d 567, 575 (Tex. Crim. App. 1988) (holding oral statement admissible even though accused not advised that she had right to terminate interview because statement satisfied requirements of Section 3(c), which requires only *Miranda* warnings for admissibility).[3]

Article 38.22, Section 3(a)(2) provides that no oral statement of an accused made as a result of custodial interrogation shall be admissible against him in a criminal proceeding unless, prior to the statement but during the recording, he is given the warning in Section 2(a). *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2). Pursuant to Section 2(a), the accused must be advised that

> (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
> (2) any statement he makes may be used as evidence against him in court;
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
> (5) he has the right to terminate the interview at any time. . . .

*Id.* art. 38.22, § 2(a). The warnings given to the accused are effective even if not given verbatim, so long as they convey the "fully effective equivalent" of the warnings contained in Section 2(a). *See id.* art. 38.22, § 3(e)(2) (West 2005). This has also been referred to by the courts as "substantial compliance." *See* ***White v. State***, 779 S.W.2d 809, 827 (Tex. Crim. App. 1989).

---

[3] Section 3(c) states that the warnings required by Section 3(a)

> shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(c) (West 2005). Section 3(c) is inapplicable here.

The court of criminal appeals has explained that a warning substantially complies with Article 38.22 when it "convey[s] on the face of the statement the exact meaning of the statute, but in slightly different language. . . ." *Id.* Thus, an accused's oral statement will be admissible even if he receives warnings that are "slightly different" from those contained in Section 2(a). *See id.* Warnings that "fairly convey" the concepts included in Section 2(a) and do not "dilute the meaning or import of the warning" have also been held to satisfy the "fully effective equivalent" exception in Section 3(e)(2). *See Bible v. State*, 162 S.W.3d 234, 240-41 (Tex. Crim. App. 2005). But a statement will not be admissible if there is a complete omission of one of the warnings contained in Section 2(a). *See Woods v. State*, 152 S.W.3d 105, 116, 118 (Tex. Crim. App. 2004) (failure to warn of right to terminate interview at any time violates strict compliance requirement of Section 3(e)).

In determining whether the accused received warnings that conveyed the "fully effective equivalent" of the warnings set forth in the statute, we need not examine the words used "as if construing a will or defining the terms of an easement." *Florida v. Powell*, 559 U.S. 50, 130 S. Ct. 1195, 1204, 175 L. Ed. 2d 1009 (2010). Instead, we can view them in the context in which they were given. *See Bible*, 162 S.W.3d at 241-42 (holding that oral statement was extension of earlier interview where defendant received fully effective equivalent of statutory warnings). But we cannot view the accused's entire interview before determining whether the warnings given conveyed the "fully effective equivalent" of the statute. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(e)(2). Section 3(a)(2) explicitly provides that a statement is not admissible unless the accused is given the required warnings "*prior* to the statement." *Id.* art. 38.22, § 3(a)(2) (emphasis added).

Several courts have addressed substantial compliance as it applies to the "right to terminate" warning. In *White v. State*, the defendant challenged the warnings he received prior to making a written confession because they did not include the warning that he had "the right to terminate the interview at any time." 779 S.W.2d at 826-27. The defendant was advised that "[i]f you desire to make a statement or answer questions, you have the right to stop at any time." *Id*. at 826. The court held that the warning was sufficient to comply with the requirements of the statute. *Id.* at 827.

In *Parra v. State*, the San Antonio court of appeals reviewed a challenge to Article 38.22

warnings.  743 S.W.2d 281, 285-86 (Tex. App.—San Antonio 1987, pet. ref'd). The court first determined that the defendant's statement was not custodial, but nevertheless addressed the sufficiency of the warnings.  *Id.*  The court concluded that the warning, "that if I decide to talk with anyone, I can, and that I can stop talking to them at any time I want," conveyed the "exact meaning" of the "right to terminate" warning in Section 2(a)(5).  *Id.* at 286; *see also* ***Speed v. State***, No. 11-02-00199-CR, 2003 WL 22211264, at *4 (Tex. App.—Eastland Sept. 25, 2003, pet. ref'd) (op., not designated for publication) ("I can decide to talk with anyone and I can stop talking to them at any time I want" sufficiently complies with requirements of statute).

In ***Hernandez v. State***, the defendant challenged the sufficiency of the warnings he received because the English to Spanish, then Spanish to English translation of his right to terminate the interview stated that he had the right to "finish" the interview.  952 S.W.2d 59, 65 (Tex. App.—Austin 1997), *vacated and remanded on other grounds by* 957 S.W.2d 851 (Tex. Crim. App. 1998).  The court held that even though "finish" and "terminate" were not synonyms, the use of "finish" did not "substantially alter[] the meaning" of the required warning.  *Id.*

However, in an unpublished opinion, the Corpus Christi court of appeals held that several warnings given to the defendant were not in substantial compliance with Section 2(a).  ***Hughes v. State***, No. 13-09-00267-CR, 2010 WL 1138447, at *7 (Tex. App.—Corpus Christi Mar. 25, 2010, no pet.) (mem. op., not designated for publication).  Specifically, the court held that the defendant's warning that he had the right to "stop answering questions at any time" did not advise him of his right to completely terminate the interview in its entirety because it did not advise him that he had the right to stop "questioning" at any time.  *Id.*

## Application

In the instant case, Appellant was advised as follows:

You have the right to remain silent.
Anything you say can and will be used against you in a court of law.
You have the right to talk to a lawyer and have him present with you while you are being questioned.
If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.

Following these warnings, Appellant was told that he could "decide at any time to exercise the right and not answer any questions or make any statements."  When the detective asked Appellant, "Do you understand those rights that you have," Appellant responded affirmatively.

6

The detective then asked, "Keeping those rights in mind, are you willing to talk to me tonight?" Appellant answered, "Yes, sir." Appellant contends that this language is insufficient to advise him of his right to terminate the interview at any time.

As illustrated by the cases cited in the preceding section, courts have consistently held that the right to terminate an interview is conveyed when the accused is advised of his right to "stop talking" "at any time." *See White*, 779 S.W.2d at 826 ("If you desire to make a statement or answer questions, you have the right to stop at any time."); *Parra*, 743 S.W.2d at 286 ("[I]f I decide to talk with anyone I can, and that I can stop talking to them at any time I want. . . ."); *Speed*, 2003 WL 22211264, at *4 ("I can decide to talk with anyone and I can stop talking to them at any time I want."); *but see Hughes*, 2010 WL 1138447, at *7 ("stop answering questions at any time" not the equivalent of stopping "questioning" at any time).

Here, Appellant was advised of his right to "stop talking" upon being warned that he could "decide not to answer any questions or make any statements." He was advised of his right to stop talking "at any time" when he was told that he could determine not to answer any questions or make any statements "at any time." Thus, we conclude that the warnings he received "fairly convey[ed]" that he had the right to terminate the interview at any time. *See Bible*, 162 S.W.3d at 241. Therefore, the warnings Appellant received were sufficient to comply with the requirements of the statute. *See White*, 779 S.W.2d at 827. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered March 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 20, 2013**

**NO. 12-12-00056-CR**

**PATRICK DAMAR MCGOWAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0536-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*