Willie Mitch **BRAGG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–00127–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1987.

575

James M. Seabolt, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr., Rob Kepple, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant was convicted by the court for a violation of the Private Investigators and Private Security Agencies Act, a class A misdemeanor, Tex.Rev.Civ.Stat.Ann. art. 4413(29bb), sec. 13 (Vernon Supp.1987). The court assessed punishment at three days in jail with credit for two days served, and a $100 fine.

Article 4413(29bb), section 13 reads:

It shall be unlawful and punishable as provided in Section 44 of this Act for any person to engage in the business of, or perform any service as an investigations company, guard company, alarm systems company, armored car company, courier company, or guard dog company or to offer his services in such capacities or engage in any business or business activity required to be licensed by this Act unless he has obtained a license under the provisions of this Act.

Appellant was charged with violating this statute when his guard company was employed to guard a roadway construction site, without his having obtained a license as required by the Act.

Appellant contends that he was a "full time peace officer" at the time, and thus fell under one of the 18 exceptions to the application of the Act as spelled out in section 3(a), which reads:

### Exceptions

Sec. 3(a) This act does not apply to:

(3) a person who has full-time employment as a peace officer as defined by Article 2.12 Code of Criminal Procedure, 1965, who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, or watchman if such person is....

Appellant's three points of error all concern the section 3(a)(3) exception.

Points of error one and two both challenge the trial court's overruling appellant's Motion to Quash Information. Point

of error one complains that the indictment was fundamentally defective for failure to allege a cause of action because the section 3(a)(3) exception of "a person who has full time employment as a peace officer" was not negated.

In support of his argument, appellant relies on section 2.02 of the Texas Penal Code (Vernon 1974), *McElroy v. State,* 667 S.W.2d 856 (Tex.App.—Dallas 1984), *aff'd,* 720 S.W.2d 490 (Tex.Crim.App.1986).

Section 2.02 requires the existence of an exception, spelled out in a specific way, to be negated in the charging instrument, and clearly exempts from its application any statute enacted prior to the effective date of the Penal Code [1974]. It is thus not applicable to article 4413(29bb), section 3, which was enacted in 1969.

Appellant's reliance on the two *McElroy* decisions is also ill placed because while a majority of both courts voted to reverse the conviction, a majority failed to concur on the grounds that the indictment was fatally defective for failure to negate an exception to the offense charged. Furthermore, the placement and context of the exception in the statute at issue in *McElroy* differs significantly from our particular statute, and thus *McElroy* is distinguishable. *McElroy,* 667 S.W.2d at 864.

We, therefore, must turn to the common law that existed prior to *McElroy* for our determination of whether failure to negate the exception in section 3 of the Act rendered the indictment fundamentally defective.

The common law cited in *McElroy,* is that "where a penal statute embraces an exception which is part of the statute itself, or the exception appears with the enacting clause of the law, it is necessary for the State to negate such an exception in the indictment." *Threlkeld v. State,* 558 S.W.2d 472, 473 (Tex.Crim.App.1977). It is necessary to refer for clarification to *Baker v. State,* 132 Tex.Crim. 527, 106 S.W.2d 308 (Tex.Crim.App.1937), the leading case on the issue that is cited by the *Threlkeld* court. If exceptions to a penal statute are placed in a separate section or article from the one defining the offense, or are not a necessary part of the definition or description of the offense, it is not necessary to negate such exceptions in the charging instrument. *Baker,* 106 S.W.2d at 311.

The Private Investigators and Private Security Agencies Act, article 4413(29bb), is divided into four subchapters and includes some 50 sections. Section 3, containing the 18 exceptions to application of the Act, is in Subchapter A., a clearly separate section from section 13, defining the offense of failure to comply with the licensing requirements of the Act, in Subchapter C. Neither are the exceptions a necessary part of the definition nor description of the offense. Furthermore, it is unreasonable to expect an indictment to include negations of 18 situations to which the offense does not apply. We, therefore, find that the indictment was not fundamentally defective.

Point of error one is overruled.

■ In point of error two, appellant argues that the trial court erred in overruling his Motion to Quash Information because it was based upon a statute that was unconstitutionally vague on its face. Appellant contends that "full time," as utilized in the section 3(a)(3) exception, is not susceptible to universal interpretations so as to avoid arbitrary and capricious implementation; nor would it avoid placing a citizen in a position of guessing whether or not he is a "full time" peace officer within the meaning of the statute. Appellant disagrees with the 40-hour work week interpretation adopted by the Harris County District Attorney's Office.

The Supreme Court, in finding the term "unreasonably low prices" in the Robinson–Patman Act not constitutionally vague under the circumstances, held:

Void for vagueness simply means that criminal responsibility should not attach when one could not *reasonably* understand that his contemplated conduct is proscribed ... In determining the sufficiency of the notice, a statute must of necessity be examined in the light of the conduct with which a defendant is charged.

*U.S. v. National Dairy Products Corp.,* 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963) (emphasis added). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974).

There is testimony that while appellant was on call 24 hours a day as a "full time peace officer," he was required to work only four 8–hour shifts a month for $50 a month. While there might be some disagreement as to whether "full time employment as a peace officer" requires a 40–hour work week, it certainly would require more than four 8–hour shifts a month. We, therefore, find that appellant could not have *reasonably* thought that he was covered by the section 3(a)(3) exception and thus exempt from the licensing requirements of the Act. Consequently, appellant may not challenge the statute for vagueness. *Parker,* 417 U.S. at 756, 94 S.Ct. at 2561.

Point of error two is overruled.

 In point of error three, appellant argues that the evidence was insufficient to support a finding of guilt because the State failed to prove beyond a reasonable doubt that appellant did not have "full time employment as a peace officer."

The standard of review in a challenge to the sufficiency of the evidence to sustain a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [or the non-existence of a defense] beyond a reasonable doubt. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986). As previously mentioned, the record reflects testimony that appellant, while employed as a "full time peace officer" on call 24 hours a day, was required to work only four 8–hour shifts per month. Furthermore, there was testimony that the guard work appellant was hired to do during his alleged "full time employment as a peace officer," encompassed approximately 8 hours a day for 45 days.

We find such evidence to be sufficient to enable a rational trier of fact to have found beyond a reasonable doubt that appellant did not have "full time employment as a peace officer," as contemplated in section 3(a)(3) of the Act.

Point of error three is overruled.

The judgment of the trial court is affirmed.