Gary Wayne **LAMBERT**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 01–95–00681–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 1995.

George M. Secrest, Jr., Houston, for Appellant.

Benjamin L. Hall III, Ronald J. Beylotte, Horace Teague, Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

**OPINION**

TAFT, Justice.

Appellant Gary Wayne Lambert was found guilty by a jury in municipal court of class C

misdemeanor assault.[1] Punishment was a $400 fine. Appellant appealed to the county criminal court at law, which affirmed the municipal court's judgment. We are asked to review the county court's holding that appellant waived his points of error by failing to raise them in his motion for new trial. We affirm.

## Summary of Facts

On the evening of July 11, 1992, appellant went to a bar in his father's car, parking it in a tow away zone. The car was towed to Westside Auto Storage Lot. When appellant left the bar, a friend drove him to the Westside lot to retrieve the car.

While at Westside, appellant met A.F. Jones, an off-duty Houston Police Officer, who worked part-time at Westside. Appellant was told he did not have the documentation necessary to retrieve the vehicle. When appellant nevertheless tried to drive the car out of the lot, he was stopped by Jones who jacked up the rear wheels of the car. Jones then tried to arrest appellant who hit Jones in the chest.

## Procedural History

Appellant was found guilty of assault in municipal court on February 25, 1993. Appellant filed a motion for new trial on March 5, 1993. The motion for new trial raised improper prosecutorial argument by striking at appellant over the shoulders of his counsel and vouching for the credibility of the State's witnesses. The motion for new trial was denied on March 17, 1993. Appellant filed written notice of appeal and an appeal bond on March 29, 1993.

Appellant's brief on appeal asserted that the evidence was insufficient as a matter of law to support the conviction of class C misdemeanor assault, and that the trial court committed reversible error by refusing to instruct the jury, over a timely objection by appellant, as to the law of self-defense. On May 22, 1995, the county court affirmed the municipal court's judgment. On June 20, 1995 appellant appealed the county court's decision.[2]

## Waiver of Points of Error

For an appellant to preserve a point of error on an appeal from a municipal court, he must raise the identical point in his motion for new trial. TEX.GOV'T CODE ANN. § 30.269(c) (Vernon 1988). As noted above, the grounds in appellant's motion for new trial (improper prosecutorial argument) are not the same as those raised on appeal (insufficient evidence and improper jury instruction). The county court on appeal held that appellant failed to preserve his points of error by not asserting them as grounds for new trial. We agree with the holding below.

We affirm the judgment of the county court.

---

1. TEX.PENAL CODE ANN. § 22.01(a)(3) (Vernon 1994) (a person commits an offense if the person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative).

2. The appeal is to the court of appeals upon the same record and briefs reviewed by the county court. TEX.GOV'T CODE ANN. § 30.278 (Vernon 1988).