The STATE of Texas, Appellant,

v.

Billy Ray COLSON, Appellee.

No. 09–94–218 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 20, 1995.

---

Frank H. Bass, Jr., County Attorney, Conroe, for the State.

Ronald J. Waska, Houston, for appellee.

Sam Hallman, Storey, Armstrong, Stegar & Martin, Dallas, for amicus curiae.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Pursuant to TEX.R.APP.P. 2(b), the opinion of November 15, 1995, is hereby withdrawn. This opinion is substituted and the timetables commence as of this date. This is an appeal by the State of Texas following the granting by the trial court of appellee's motion to quash indictment. The State indicted the appellee, Billy Ray Colson, on the misdemeanor charge of operating an armored car company without a license. The alleged offense is found in TEX.REV.CIV.STAT.ANN. art. 4413(29bb), § 13 (Vernon Supp.1995). By order of the trial court, the State was permitted to amend the indictment. The trial court quashed the amended indictment with a specific finding that the amended indictment pled a statutory exception.

After the State perfected its appeal, appellee filed a motion to dismiss appeal for lack of jurisdiction. In his motion to dismiss appeal, appellee contends that the trial court's action in quashing the indictment was, in reality, an acquittal on the merits rather than the quashing of an indictment. Appellee's motion, however, is without merit, since jeopardy had not attached. Without the attachment of jeopardy, there can be no acquittal. None of the five points at which jeopardy may attach were present in the record. *See State v. Johnson,* 794 S.W.2d 557, 559 (Tex. App.—Dallas 1990, pet. ref'd). The trial court's order on June 20, 1994, was a quashing of the indictment.

It is to be noted that subsequent to the State's perfection of its appeal, and with this court's permission, Loomis Armored, Inc. filed its amicus curiae brief in support of the State's position.

### Background Facts

At the time of the act in question, Colson was a full-time peace officer. On February 10, 1993, he was indicted and charged with operating an armored car company without a license under the Texas Private Investigators and Private Security Agencies Act (the "Act").

Sec. 13. (a) It shall be unlawful and punishable as provided in Section 44 of this Act for any person to engage in the business of, or perform any service as an investigations company, guard company, alarm systems company, armored car company, courier company, or guard dog company or to offer his services in such capacities or engage in any business or business activity required to be licensed by this Act unless he has obtained a license under the provisions of this Act.

TEX.REV.CIV.STAT.ANN. art. 4413(29bb), § 13(a) (Vernon Supp.1995).

Reflecting the alleged commission of that offense, the State's amended indictment is set out below:

While employed as a full time peace officer, [Billy Ray Colson] did intentionally and knowingly engage in the business and perform the service of an armored car company, to wit: provide secured transportation and protection from one place to another of U.S. currency, without first obtaining a license required by law.

The original indictment was amended to include language to the effect that appellee was employed as a full-time peace officer at

the time the offense occurred. Said language is apparently an abbreviated version of an exception under the Act. The State and Colson are in accord that the exception allegedly being pled is that found in Art. 4413(29bb), § 3(a)(3). That exception is as follows:

Sec. 3. (a) This Act does not apply to:

. . . .

(3) a person who has full-time employment as a peace officer as defined by Article 2.12, Code of Criminal Procedure, who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, or watchman if such person is:

(A) employed in an employee—employer relationship; or

(B) employed on an individual contractual basis;

(C) not in the employ of another peace officer; and

(D) not a reserve peace officer;

TEX.REV.CIV.STAT.ANN. art. 4413(29bb), § 3(a)(3) (Vernon Supp.1995).

The facts stipulated to by both the State and Colson are as follows:

1. On the date of the offense, Appellee was a full-time peace officer as defined by Art. 2.12 of the Code of Criminal Procedure;

2. On the date of the offense, the appellee never used an armored motor vehicle to transport money, currency, or coin;

3. On the date of the offense, the appellee transported [or carried] money, currency, or coin from one point to another;

4. On the date of the offense, the appellee was employed on an independent contractor basis for Coca–Cola, Inc. to deposit receipts;

5. On the date of the offense, the appellee was not in the employ of another peace officer.

Although the parties rely on stipulated facts to bring this case up on appeal, our review is restricted to the indictment, the motion to quash it, and the order doing so.

In its June 20, 1994, order quashing the indictment, the trial court stated that the quashing of the indictment was based on the State's having pled an exception. Reference was made in the order to the court's taking notice of the fact that the parties had agreed upon certain stipulated facts. The trial court, however, may not look behind the indictment to determine whether evidence supports the indictment. *State v. Clarke,* 880 S.W.2d 854 (Tex.App.—Corpus Christi 1994, no pet.). Neither may this court. For this court to determine such substantive issues as whether Colson fell within an exception of the statute or whether he was operating or performing the service of an armored car business would be, at this point, premature and would constitute an advisory opinion on those matters. Our review of the granting of the motion to quash herein is limited to the issue of the facial validity of the indictment.

*Appellant's Contentions*

The appellant brings forth three points of error, which are set forth below:

### Point One

The trial court erred in granting appellee's motion to quash the indictment based on appellee's argument that the indictment alleges an exception pursuant to article 4413(29bb) Sec. 3(a)(3) wherein a full-time peace officer would be exempted from the licensing requirements of the Act for performing the duties of an armored car company.

### Point Two

The trial court erred in granting appellee's motion to quash the indictment based on appellee's argument that the indictment broadens the scope of the statute.

### Point Three

The trial court erred in granting appellee's motion to quash the indictment based on appellee's argument that no armored motor vehicle was used to transport money, currency, or coin.

In Point of Error One, the State contends that the trial court erred in finding

that the indictment alleges an exception to the offense charged. Although the State in its brief specifies the statutory exception at issue, the indictment does not. If, indeed, the State was intending to plead or negate an exception in the amended indictment, the State pled the exception only in cursory fashion. The phrase "while employed as a full-time peace officer" does not plead an exception to the offense charged, since employment as a full-time officer does not encompass or give notice of the other elements of the exception. As noted above, the exception in question applies to a full-time peace officer, as defined by TEX.CODE CRIM.PROC.ANN. art. 2.12 (Vernon Supp.1995), who receives compensation for private employment on an independent contractor basis . . . as a patrolman, guard, or watchman.[1] Merely pleading that Colson is a full-time peace officer does not state an exception to the offense charged.

Moreover, the State's entire handling of the indictment is somewhat puzzling. In the original version of the indictment, the State neither pled nor negated an exception. However, it appears in the amended indictment that the State attempted to allege an exception, although the effective pleading by the State of an exception would, upon appellant's timely objection to the indictment, have necessitated the quashing of the indictment for failure to state the offense charged. *See State v. Turner,* 898 S.W.2d 303 (Tex.Crim. App.1995). In that case, the State pled an offense date in the indictment which showed on its face that the statute of limitations had run on the offense charged. The State did not plead, argue, or present evidence of tolling. Consequently, the indictment on its face did not plead the offense charged and, by implication, would have been dismissed had appellant timely objected thereto.

Unlike the indictment in *Turner,* the charging instrument in the instant case does not allege an exception such that the indictment fails to charge an offense under the law. The language in the indictment is not sufficient to state an exception; it does not give fair notice of what exception, if any, is being pled. It may be that the State, as well as the appellee, operated under the misguided assumption that this court would make a factual determination as to whether Colson falls within the exception, had that exception been adequately pled. Such is not the case. That is a factual determination to be made by the trier of fact, as it was in *Bragg v. State,* 740 S.W.2d 574 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd.) where the trier of fact determined that Bragg was not a full-time peace officer, because he did not work a sufficient number of hours to qualify as such.

It is further to be noted that the State in this case was not required to even negate the exception, let alone plead it, since the statute in question does not contain an exception within the definition of the offense and said exception is not a necessary part of the definition or description of the offense. *Id.* at 576. The verbiage added by the State to the amended indictment is mere surplusage. It does not impact the remainder of the indictment so as to cause the indictment to fail to charge an offense. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990). A charging instrument is generally considered sufficient if all the elements of the offense are as amply set out as is necessary to prove them. *Beck v. State,* 682 S.W.2d 550, 556 n. 5 (Tex.Crim.App.1985). Since the negating of the exception is not required in this case, the negation is not a necessary element of the offense charged. In brief, the State, though it may have attempted to do so, did not state in its indictment an exception to the offense charged; nor was it required to.

The standard of review concerning a trial court's ruling on a motion to quash an indictment is abuse of discretion. *See Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim. App.1980) (opinion on rehearing). The amended indictment adequately charges the offense; it provides fair notice to the defendant of the offense charged. *See Daniels v. State,* 754 S.W.2d 214, 217–18 (Tex.Crim.App. 1988); *Wisenbaker v. State,* 860 S.W.2d 681,

---

1. By reciting this language taken from a portion of the statutory exception we are not implying that having pleaded it would have caused the underlying offense to have been sufficiently nullified. For us to decide how much of a pleaded statutory exception would have been too much is beyond the scope of this appeal and, again, would be advisory.

688 (Tex.App.—Austin 1993, pet. ref'd.). Since the amended indictment does not state an exception to the offense charged, and since the indictment charges an offense, the trial court abused its discretion by quashing the indictment. State's point of error one is sustained.

We do not reach Points of Error Two and Three as they are not germane to this appeal. The trial court in its own order declared that it was granting the motion to quash on the basis of the State's having pled an exception to the offense charged. Points of Error Two and Three do not concern issues related to the facial validity of the indictment which is the only issue before this court.

The cause is reversed and remanded to the trial court for further proceedings.

REVERSED AND REMANDED.