**Robert SNOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–501–CR.**

Court of Appeals of Texas, Corpus Christi.

May 6, 1999.

Edward N. Daneri, San Antonio, for Appellant.

Manuel P. Montez, San Antonio, Lynn Ellison, Dist. Atty., Jourdanton, for State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Appellant Robert Snow was indicted for falsifying information on a title application, a felony of the third degree.[1] A jury found him guilty over a plea of not guilty and the court assessed punishment at five years imprisonment probated for five years. Snow raises two issues on appeal, challenging the sufficiency of the evidence and the admission of an oral confession. We affirm.

Snow applied for a motor vehicle title on a 1978 GMC pickup. He stated in the title application that he had purchased the truck at a sheriff's auction held in La Salle County, Texas, on January 14, 1994. County records indicated no such truck had ever been sold at any auction held in La Salle County. Snow worked for the La Salle County Sheriff's Department at the time of the sale and his duties included administering the sheriff's auctions. Snow claimed he purchased the truck for his son from Brother George, a junk dealer, rather than let it be sold for scrap. Brother George told Snow he had purchased the truck at an auction in San Antonio. The county treasurer became curious when presented with the statement on the title application that the truck had been purchased at a sheriff's sale of which he had no record. Further, he had no record showing the sales price of $25 had been paid to the county. The treasurer advised the sheriff and the district attorney of his discovery. When questioned by Darren Westfall, an investigator for the District Attorney, Snow admitted having falsified the document. Westfall's testimony regarding Snow's oral confession was admitted into evidence at trial over Snow's objection. Snow testified that he did not know how the auction information got on the title application.

Snow's first point of error states, "the trial court erred in holding that the defendant falsified a vehicle title transfer document when the prosecution failed to prove that the sold article was a motor propelled vehicle." Snow contends the pickup was not motor powered when he purchased it or at any time thereafter, that it was scrap, and that "the State never proffered any proof that the article was worth any more [than $25] nor did they prove that the junk could even be moved under its own power." We interpret this as a challenge to the legal sufficiency of the evidence to convict him.

In reviewing a legal sufficiency point of error, we view the evidence, and all reasonable inferences raised by that evidence, in the light most favorable to the verdict, and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim.App.1995). The standard is the same for both direct and circumstantial evidence cases. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Sandoval v. State*, 946 S.W.2d 472, 476 (Tex.App.—Corpus Christi 1997, pet. ref'd). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex.Crim.App.1998); *Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App.1994). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Whitaker*, 977 S.W.2d at 598; *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim.App.1986). Legal sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily

1. TEX. TRANSP. CODE ANN. § 501.155 (Vernon 1999).

increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. . . . [This standard] ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime[.]

*Id.*

In the present case, the elements of the crime alleged in Snow's indictment were that he: (1) knowingly (2) made a false statement (3) in an application for title. Certificate of Title Act, 46th Leg., R.S., ch. 4, 1939 Tex. Gen. Laws 602, (amended 1989) (current version at TEX. TRANSP. CODE ANN. § 501.155 (Vernon 1999)).

■ Snow contends the State failed to prove the truck in question was a "motor vehicle" as that term is defined by the statute because there was evidence to suggest that the truck had no motor. The Act's plain language makes a crime of knowingly supplying false information in an application for title. The question before us is not whether the State proved Snow's truck was powered by a motor, but whether Snow knowingly provided false information on the application. The State alleged Snow lied about where he purchased the truck. A title application for the pickup truck bearing Snow's signature was filed with the county. The sales receipt filed with the application shows the truck was purchased for $25 at a La Salle County auction held on January 14, 1994, in Cotulla.

Joel Rodriguez, La Salle County Treasurer, testified he was responsible for all county auctions and that he had no record of an auction on January 14, 1994. When Rodriguez received the tax receipt for Snow's truck, he notified the sheriff that the $25 sales price had not been paid. Sheriff Darwin Avant collected the $25 from Snow and that amount, along with other fees and taxes, was paid to the county. Sheriff Avant recalled Snow administering sheriff's auctions in 1994. His de-

partment's records show there was no public notice of a sale taking place on January 14, 1994.

Daryn Westfall, an investigator for the district attorney, testified Snow told him the truck had been purchased in San Antonio rather than at a sheriff's auction in La Salle County. When confronted with Westfall's accusation that the title application had been falsified, Westfall testified that Snow admitted he had falsified the application. Snow told Westfall he had purchased the truck for his son and that irregularities associated with the purchase made getting clear title difficult. When nothing else worked, he falsified the title application by claiming to have purchased the truck at a sheriff's auction in La Salle County. He admitted to Westfall that the truck had been purchased for him in San Antonio by a third party. Snow declined to make a written statement and terminated the interview.

We conclude the evidence adduced at trial is legally sufficient to prove Snow knowingly made a false statement in an application for title. Snow's first issue is overruled.

Snow's second point of error challenges the introduction of Westfall's testimony regarding Snow's oral confession. Snow argued at a suppression hearing that he was already considered a defendant by the State at his interview with Westfall, that the interview was a custodial interrogation, and that code of criminal procedure section 38.22(3) and the Supreme Court's holding in *Miranda v. Arizona* precluded introduction of his confession. *See* TEX.CODE CRIM. PROC. ANN. § 38.22(3) (Vernon 1979), *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The State, in turn, argues Snow was not in custody and that code of criminal procedure section 38.22(5) applies.

■ We review the trial judge's decision on a motion to suppress for an abuse of discretion. *Rivera v. State,* 808 S.W.2d

80, 96 (Tex.Crim.App.1991). *Miranda* and article 38.22 are not applicable to statements resulting from noncustodial interrogation. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 1979) ("Nothing in this article precludes the admission of a statement made by an accused ... that does not stem from custodial interrogation."); *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602; *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex.Crim.App.1996); *Stahle v. State*, 970 S.W.2d 682, 690 (Tex.App.—Dallas 1998, review ref'd) (citing *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)); *Stone v. State*, 583 S.W.2d 410, 413 (Tex.Crim.App.1979). Thus, if appellant's statement did not stem from a custodial interrogation, neither *Miranda* nor article 38.22 require its suppression. *Dowthitt*, 931 S.W.2d at 263; *see Rodriguez v. State*, 939 S.W.2d 211, 216–17 (Tex.App.—Austin 1997, no pet.); *Galloway v. State*, 778 S.W.2d 110, 112 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Parra v. State*, 743 S.W.2d 281, 285 (Tex.App.—San Antonio 1987, pet. ref'd).

 "Custodial interrogation" is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602; *Cannon v. State*, 691 S.W.2d 664, 671 (Tex.Crim.App. 1985). A person need not be under formal arrest to be considered subject to custodial interrogation. *See Melton v. State*, 790 S.W.2d 322, 325 (Tex.Crim.App.1990). However, being the focus of criminal investigation does not amount to being in custody. *Stansbury v. California*, 511 U.S. 318, 324, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (citing *Minnesota v. Murphy*, 465 U.S. 420, 431, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984)); *Meek v. State*, 790 S.W.2d 618, 621 (Tex.Crim.App.1990). Even a clear statement by an officer that the person under interrogation is the prime suspect is not in itself dispositive of the custody issue, for some suspects are free to come and go until the police decide to make an arrest.

*Stansbury*, 511 U.S. at 324–26, 114 S.Ct. 1526. Rather, a person is considered in custody only if, based upon the objective circumstances, a reasonable person would believe he was restrained to the degree associated with a formal arrest. *Id.* at 322–24, 114 S.Ct. 1526; *Dowthitt*, 931 S.W.2d at 254; *Brown v. State*, 960 S.W.2d 265, 270 (Tex.App.—Corpus Christi 1997, no pet.).

 In response to Westfall's request for a meeting, Snow agreed to drive to the investigator's office. Westfall testified that he informed Snow of the subject of the meeting and that he was not under arrest and was free to leave at any time. He did not read Snow his *Miranda* rights and did not have probable cause to arrest him before the meeting. Nor did he arrest Snow after the meeting. Snow drove himself to and from the meeting, which probably lasted less than one hour. Snow, a certified peace officer, did not request that the interview be terminated and was never refused a request to leave. Westfall testified that when he confronted Snow with his belief that Snow had falsified the title application, Snow admitted he had. Snow told Westfall he was having difficulty getting clear title to the truck and could find no other way, so he falsely stated he purchased the truck at a sheriff's sale when, in fact, the truck was purchased in San Antonio. Snow declined to give Westfall a written statement. The meeting took place on March 12, 1996, and Snow was indicted two days later.

The facts before us do not indicate Snow was "in custody" when he made his statement. We cannot conclude the trial judge abused his discretion in admitting Westfall's testimony.

Snow's second issue is overruled and judgement is AFFIRMED.