James Callus HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00409–CR.

Court of Appeals of Texas, San Antonio.

March 8, 2000.

James Callus Hicks, Von Ormy, pro se.

Ralph J. Bernsen, Sr., County Attorney, Hondo, for appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

James Callus Hicks was convicted by a jury in the justice court of driving without a license. He appealed to the county court, where a trial *de novo* was conducted. Following a jury trial, he was convicted again and ordered to pay a $200.00 fine. He appeals his conviction from the county court. We affirm.

Hicks maintains that the licensing requirement of section 521.021 of the Texas Transportation Code must be read to require a license only for those persons (1) operating a school bus, or (2) operating a motor vehicle while in use as a public carrier, or (3) operating a motor vehicle while in use as a common carrier.[1] Hicks argues the complaint charging him with an offense is void because it fails to specify which of the above three offenses he is accused of violating and because it fails to negate exceptions to these offenses.

 It is well established the State of Texas can and does require a valid driver's license for all persons operating motor vehicles on the roads of the State. *See Taylor v. State*, 151 Tex.Crim. 568, 209 S.W.2d 191, 192 (1948) (right to drive is a privilege, not a right, and is governed by rules and regulations); *Coyle v. State*, 775 S.W.2d 843, 846 (Tex.App.-Dallas 1989, no pet.). The complaint clearly charges Hicks with operating a motor vehicle without a driver's license, conduct prohibited by section 521.021 of the Texas Transportation Code. It is not necessary for the complaint to include any allegations regarding school buses or public or common carriers. Further, since no exceptions are contained within section 521.021, the complaint was not required to negate any exceptions. *See Bragg v. State*, 740 S.W.2d 574, 576 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd) ("If exceptions to a penal statute are placed in a separate section or article from the one defining the offense, or are not a necessary part of the definition or description of the offense, it is not necessary to negate such exceptions in the charging instrument."). Accordingly, the judgment of the trial court is affirmed.

---

**1.** Hicks bases his argument on an incorrect and out-of-context reading of "the enacting clause of Chapter 173, Acts of the 47th Legislature, Regular Session, 1941."