Opinion issued September 19, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01115-CR

____________


ROBERT LEIGHTON PHILLIPS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Court Number 1

Galveston County, Texas

Trial Court Cause No. 205615






O P I N I O N

 Appellant, Ronald Leighton Phillips, pleaded no contest to the misdemeanor
offense of driving without a license. A municipal court judge found appellant guilty
and assessed his punishment at a $100 fine. Thereafter, appellant appealed his
conviction to county court and pleaded not guilty. A jury found appellant guilty of
driving without a license and assessed his punishment at a $200 fine.

 In three points of error, appellant argues the complaint was insufficient to
charge him with an offense, the evidence was legally insufficient to support his
conviction, and he was denied due process of law by the trial court's alleged refusal
to inform him of the charges against him. We affirm.

Facts and Procedural Background


 Friendswood Police Officer David Brechtel testified that on February 1, 2001,
while on patrol on Quaker Drive, he saw appellant driving a car with an expired
inspection sticker. Officer Brechtel, while pursuing appellant, activated his patrol
car's emergency lights, siren, and air horn, but appellant did not stop. Appellant
continued to drive down the street, made a left turn onto North Shadowbend, and
eventually stopped his car in the driveway of his home. When appellant stopped,
Brechtel asked to see appellant's driver's license and proof of insurance. Appellant
told the officer, "I am not engaged in any activity for which that is required." After
requesting the assistance of additional officers, Officer Brechtel arrested appellant for
driving without a license.

 Appellant did not testify or call any witnesses in his behalf.


Sufficiency of the Complaint


 In his first point of error, appellant argues the complaint was deficient and did
not properly charge him with the offense for which he was convicted. The complaint
reads, in part, as follows:

 [O]n or about the 1st day of February, 2001, in the jurisdiction of the
City of Friendswood, TX, County of Galveston County, [appellant] did,
then and there, unlawfully, within the city limits of the City of
Friendswood, in said county and state, drive and operate a motor vehicle
upon a public street or roadway . . . without then and there having in his
or her possession a valid Texas driver's license appropriate for the class
of vehicle being operated, and failed to display the same upon demand
of a peace officer . . . .


 The Transportation Code provides that, "A person, other than a person
expressly exempted under this chapter, may not operate a motor vehicle on a highway
in this state unless the person holds a driver's license under this chapter." Tex.
Transp. Code Ann. § 521.021 (Vernon 1999) (emphasis added). A person required
to hold a valid driver's license must have it in his or her possession when operating
a motor vehicle and must display it on the demand of a peace officer. Id. §
521.025(a) (Vernon 1999). Failure to do so constitutes a misdemeanor offense. Id.
§ 521.025(c).

 Appellant contends the complaint in this case was deficient for two reasons:
(1) it did not specify that he was not exempted from the requirement to hold a driver's
license, and (2) it charged that the offense occurred on a "public street or roadway,"
in contrast with section 521.021, which requires a person to carry a driver's license
when operating a motor vehicle on a "highway."

 It is well established that the State of Texas can and does require a valid
driver's license for all persons operating motor vehicles on the roads of the State. See
Taylor v. State, 209 S.W.2d 191, 192 (Tex. Crim. App. 1948); Hicks v. State, 18
S.W.3d 743, 744 (Tex. App.--San Antonio 2000, no pet.). Here, the complaint
clearly charged appellant with operating a motor vehicle "upon a public street or
roadway" without a driver's license, conduct prohibited by the transportation code.

 It is not necessary for a complaint to include allegations negating the
exceptions to the general requirement that a driver carry a valid driver's license. See
Hicks, 18 S.W.3d at 744. Further, because no exceptions are contained within section
521.021, the complaint was not required to negate any exceptions. See Bragg v.
State, 740 S.W.2d 574, 576 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd)
(holding that, where exceptions to statute are placed in separate section from one
defining offense, it is not necessary to negate exceptions in charging instrument).

 With regard to appellant's contention that the complaint was deficient because
it did not charge him with conduct on a "highway," we note that subtitle B of title 7
of the transportation code, entitled "Driver's Licenses and Personal Identification
Cards," does not define the term "highway." However, subtitle C of the same title of
the Code, entitled "Rules of the Road," defines "highway or street" as "the width
between the boundary lines of a publicly maintained way any part of which is open
to the public for vehicular travel." Tex. Transp. Code Ann. § 541.302(5) (Vernon
1999).

 We see no reason why the legislature would not intend for this definition to be
applicable to all sections of title 7 of the transportation code, and we conclude it is
applicable here. We hold that the language of the complaint that the offense occurred
on a "public street or roadway" was sufficient to allege an offense under sections
521.021 and 521.025 of the transportation code.

 We overrule appellant's first point of error.

Sufficiency of the Evidence


 In his second point of error, appellant contends the State did not prove all the
essential elements of the offense because the evidence did not show appellant was
operating a motor vehicle on a "highway" or that he was required to hold a valid
license.

 We will treat appellant's argument as a legal sufficiency challenge. A legal
sufficiency challenge requires us to determine whether, after viewing the evidence in
the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000).

 As noted above, title 7 of the transportation code defines a "highway" as "the
width between the boundary lines of a publicly maintained way any part of which is
open to the public for vehicular travel." Tex. Transp. Code Ann. § 541.302(5). 
Here, Officer Brechtel testified that he saw appellant driving a car on a public street. 
When the officer asked appellant to produce a driver's license, appellant refused.

 In addition, the State was not required to prove beyond a reasonable doubt that
appellant was not exempted from the general requirement to hold a valid driver's
license. See Hicks, 18 S.W.3d at 744; Bragg, 740 S.W.2d at 576. The applicability
of a statutory exemption is a defensive issue which a defendant may raise to rebut a
charge of operating a motor vehicle without a valid license.

 We hold the evidence was legally sufficient to support the jury's verdict, and
we overrule appellant's second point of error.

Due Process


 In his third point of error, appellant argues the trial court deprived him of due
process by failing to inform him of the exact charges against him. Appellant contends
he "was left to wonder which statute he was actually alleged to have violated."

 We note that, to be unconstitutionally void for vagueness, a statute must either
forbid or require the doing of an act in terms so vague that people of common
intelligence must necessarily guess at its meaning and differ as to its application, thus
violating the fair notice requirements of due process of law. Ely v. State, 582 S.W.2d
416, 419 (Tex. Crim. App. 1979). Due process merely requires that the law give
sufficient warning so that people may conduct themselves so as to avoid that which
is forbidden. McCarty v. State, 616 S.W.2d 194, 196 (Tex. Crim. App. 1981). It is
not required that a statute demark the limits of an offense with mathematical
precision. Boyce Motor Lines v. U.S., 342 U.S. 337, 340, 72 S. Ct. 329, 330-31
(1952). As the United State Supreme Court observed in Boyce:

 [M]ost statutes must deal with untold and unforeseen variations in
factual situations, and the practical necessities of discharging the
business of government inevitably limit the specificity with which
legislators can spell out prohibitions. Consequently, no more than a
reasonable degree of certainty can be demanded. Nor is it unfair to
require that one who deliberately goes perilously close to an area of
proscribed conduct shall take the risk that he may cross the line.


Id. 342 U.S. at 340, 72 S. Ct. at 331.

 We conclude the complaint sufficiently tracked the language of the applicable
transportation code provisions and informed appellant of the charges against him.

 We overrule appellant's third point of error.


Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.