Opinion issued June 17, 2004












     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00264-CR




DAVID WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 5283 




MEMORANDUM OPINION
          Appellant, David White, was charged by complaint with failure to display a
valid driver’s license. Following a jury trial in municipal court, appellant was
convicted and fined $150. Appellant appealed to the county criminal court at law,
which affirmed the municipal court’s judgment. Appellant brings seven points of
error.
          We affirm.
         Failure to Include Certain Points of Error in Motion For New Trial
          In points of error four through seven, appellant contends that (a) the process
for obtaining a driver’s license impinged on his free exercise of religion (point of
error four); (b) the municipal court was unlawfully created by the City of Houston
(point of error five); (c) the Texas Legislature did not have authority to pass
“Houston’s Municipal Court of Record Act” (point of error six); and (d) the
Legislature unconstitutionally gave the city attorney’s office prosecutorial authority
in municipal court (point of error seven). 
          To perfect an appeal from a municipal court conviction, an appellant must file
a written motion for new trial with the municipal clerk setting forth the points of error
of which appellant complains. See former Tex. Gov’t Code Ann. § 30.00679(c)



(now codified at id. § 30.00014(c) (Vernon 2004)). For an appellant to preserve a
point of error on an appeal from a municipal court, he must raise the identical point
in his motion for new trial. See id; Lambert v. State, 908 S.W.2d 53, 54 (Tex.
App.—Houston [1st Dist.] 1995, no pet.). In this case, appellant failed to preserve
points of error four, five, six, and seven by not asserting identical grounds in his
motion for new trial as he raised on appeal in the county court. Thus, appellant was
not entitled to review of these points by the county court or by this Court. Lambert,
908 S.W.2d at 54. 
          We overrule appellant’s fourth, fifth, sixth, and seventh points of error.
Defective Complaint
          In his first and second points of error, appellant contends that the complaint
charging him with the offense of failure to display a valid driver’s license was
deficient in numerous respects. 
No Reference to Statute Violated and Time of Offense
          The offense of failure to display a valid driver’s license is found in
Transportation Code section 521.025(a). That provision states, “A person required
 to hold a license under [Transportation Code] Section 521.021 shall [ ] (1) have in
the person’s possession while operating a motor vehicle the class of driver’s license
appropriate for the type of vehicle operated; and (2) display the license on the demand
of a . . . peace officer.” Tex. Transp. Code Ann. § 521.025(a) (Vernon 1999). 
          In this case, the complaint reads, in part, as follows:
[O]n or about the 30th day of January A.D., 1999, and before making
and filing of this complaint, within the incorporated limits of the City of
Houston, County of Harris, and State of Texas, [appellant] did then and
there unlawfully and knowingly fail to display a valid Texas Driver’s
license upon demand of . . . a peace officer; and [appellant] was
operating a motor vehicle . . . [on] a public street.
          Appellant argues that the complaint did not inform him of the offense of which
he was being charged because it did not recite the Transportation Code section
appellant was charged with violating or the time of the offense. Article 45.17 of the
Code of Criminal Procedure, which was in effect at the time appellant committed the
offense, required that a complaint filed in municipal court must state (1) the name of
the accused, if known; (2) “[t]he offense with which he is charged, in plain and
intelligible words”; (3) that the offense was committed in the county in which the
complaint is made; and (4) the date of the offense. Act of May 27, 1965, 59th Leg.,
R.S., ch. 722, art. 45.17, 1965 Tex. Gen. Laws 317, 524, amended and re-designated
by Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 16, 1999 Tex. Gen. Laws 5314,
5317 (current version at Tex. Code Crim. Proc. Ann. art. 45.019 (Vernon Supp.
2004)). Article 45.17 required neither that the complaint include the section number
of the statute violated nor the time of the offense. See id.; see also Martin v. State,
13 S.W.3d 133, 140 (Tex. App.—Dallas 2000, no pet.) (holding that complaint made
in municipal court was not defective for failing to state number of statutory provision
defendant charged under). The complaint in this case comported with the
requirements of former article 45.17.
Signed by Court Clerks
          Appellant further asserts that the complaint was defective because it was
improperly signed by two municipal court clerks: one signing as affiant and another
swearing to the complaint. On appeal, appellant complains that the clerks’ signatures
affected the impartiality of the municipal court. However, in his motion for new trial,
appellant complained of the clerks’ signatures on two different bases: (1) that neither
clerk had signed an anti-bribery oath and (2) that the complaint should have been
sworn to by a magistrate or district attorney. Because he raises different grounds on
appeal than he raised in his motion for new trial, we need not address appellant’s
complaint regarding the clerks’ signatures. See former Tex. Gov’t Code Ann. §
30.00679(c); Lambert, 908 S.W.2d at 54. 
          We also note that the relevant provision of the Code of Criminal Procedure in
force at the time of the offense provided that complaints filed in municipal court
could be made before “any officer authorized to administer oaths or before the
municipal judge, clerk of the court or his deputy.” Act of May 22, 1989, 71st Leg.,
R.S., ch. 600, § 1, 1989 Tex. Gen. Laws 1991, 1991-92, repealed by Act of May 30,
1999, 76th Leg., R.S., ch. 1545, 75(a), 1999 Tex. Gen. Laws 5314, 5331 (current
version at Tex. Code Crim. Proc. Ann. art. 45.019(e)). See Martin, 13 S.W.3d at
139 (holding that it is proper for municipal court clerk to sign complaint). 
Failure to Negate Exception to Offense
          Appellant also contends that the State failed to negate an exception to the
offense, namely, that the State did not specify that appellant was not exempted from
the requirement to hold a driver’s license. It is well established that the State of
Texas can and does require a valid driver’s license for all persons operating motor
vehicles on the roads of the State. Hicks v. State, 18 S.W.3d 743, 744 (Tex.
App.—San Antonio 2000, no pet.); see also Taylor v. State, 209 S.W.2d 191, 192
(Tex. Crim. App. 1948) (stating, “The privilege of driving a motor vehicle upon the
public highways does not exist unless one has obtained a license to do so.”). Here,
the complaint charged appellant with failing to display a valid driver’s license on
demand of a peace officer, conduct prohibited by Transportation Code section
521.025. It is not necessary for a complaint charging such offense to include
allegations negating the exceptions to the general requirement that a driver carry a
valid driver’s license. See Hicks, 18 S.W.3d at 744. Further, because no exceptions
are contained within section 521.025, the complaint was not required to negate any
exceptions. See Bragg v. State, 740 S.W.2d 574, 576 (Tex. App.—Houston [1st
Dist.] 1987, pet. ref’d) (holding that, when exceptions to statute are placed in separate
section from one defining offense, it is not necessary to negate exceptions in charging
instrument).
          Appellant further contends that the State “failed to prove” that he was a
“licensee” at the time of the offense. As phrased, we interpret appellant’s evidentiary
challenge as a challenge to the legal sufficiency of the evidence. See Snow v. State,
994 S.W.2d 737, 739 (Tex. App.—Corpus Christi 1999, no pet.) (treating appellant’s
point that State failed to prove element of the offense as legal sufficiency challenge). 
However, in his motion for new trial, appellant asserted that the complaint was
deficient because it failed to allege that appellant was a licensee. Because his
appellate argument does not comport with the ground raised in his motion for new
trial, appellant has waived his legal sufficiency challenge, and we need not address
it.


 See former Tex. Gov’t Code Ann. § 30.00679(c); Lambert, 908 S.W.2d at 54. 
Recognition of “Driver’s License” by State Law
          Lastly, appellant contends that he could not be charged with failure to display
a driver’s license “because there is no such ‘driver’s license’ known to the law.” 
Appellant’s contention is contrary to the language of the relevant statute in this case,
Transportation Code section 521.025(a), which provides that a person “operating a
motor vehicle” must display “the class of driver’s license appropriate for the type of
vehicle operated.” Tex. Transp. Code Ann. § 521.025(a)(1) (Vernon 1999)
(emphasis added). Moreover, the Transportation Code not only recognizes the term
“driver’s license” but specifically defines it. See Tex. Transp. Code Ann. §
521.001(a)(3) (Vernon 1999) (defining “driver’s license” as “an authorization issued
by the [Department of Public Safety] for the operation of a motor vehicle”). 
          We overrule appellant’s first and second points of error.
Compulsory Process 
          In his third point of error, appellant asserts that he was denied compulsory
process because the municipal court erred in quashing his subpoenas of the two
municipal court clerks who signed the complaint. On appeal, appellant contends that
he had a “preferential right to face his accusers” and to determine the validity of the
clerks’ signatures and “proper swearing.” 
          Criminal defendants have a right to compulsory process for obtaining
witnesses. U.S. Const. amend. VI; Tex. Const. art. I, § 10. However, the right to
compulsory process is not absolute. Defendants have the right to secure the
attendance of witnesses whose testimony would be both material and favorable to his
defense. See Coleman v. State, 966 S.W.2d 525, 527-28 (Tex. Crim. App. 1998). 
“Were the burden of showing materiality and favorableness not placed on the
defendant, ‘frivolous and annoying requests [c]ould make the trial endless and unduly
burdensome on the Court and all officers thereof. Id. (quoting Ross v. Estelle, 694
F.2d 1008, 1011 (5th Cir. 1983)). Accordingly, to exercise this right, the defendant
must make a plausible showing to the trial court, by sworn evidence or agreed facts,
that the witness’s testimony would be both material and favorable to the defense. Id.
at 528. 
          Appellant did not make such showing. At the hearing to quash the subpoenas,
appellant argued that he was entitled to question the clerks regarding their legal
authority to sign the complaint, the validity of their signatures, the purported
deficiencies in the complaint, and the alleged failure of the clerks to sign anti-bribery
complaints. However, appellant did not demonstrate how the clerks’ testimony would
be material and favorable to his defense of failing to display a valid driver’s license. 
We hold that the trial court did not err in quashing the subpoenas. See id; see also
Sparkman v. State, 997 S.W.2d 660, 666 (Tex. App.—Texarkana 1999, no pet.)
(holding that trial court did not err in quashing defendant’s subpoenas of mayor,
elected judge and staff of county court, district attorney, county clerk, attorney, and 
bail bondsman because defendant failed to show that witnesses would be material to
his defense of driving with suspended license).
          We overrule appellant’s third point of error.
 

Conclusion
We affirm the judgment of the county court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).