Opinion issued February 15, 2007







 








In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00312-CR






CURTIS A. BROOKS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 11 

Harris County, Texas

Trial Court Cause No. 5437






O P I N I O N 


 Appellant, Curtis A. Brooks, was convicted and fined $500 after pleading no
contest in a municipal court of record to violating the City of Houston's sign code
ordinance by "using" a sign without first obtaining a permit from the city. Presenting
five issues, appellant appealed the municipal court's judgment to a county criminal
court at law, which affirmed. Appellant now appeals the county criminal court's
judgment. 

 We affirm.

Background

 The facts of this case are undisputed. Appellant erected a new, off-premises (1)
sign along Kuykendahl Road, which the parties agree is a federally funded "primary
highway," as that term is used in the lexicon of sign regulation. The sign was located
outside the corporate city limits of Houston, but within the city's extraterritorial
jurisdiction. (2) Before constructing the sign, appellant obtained a permit from the
Texas Department of Transportation ("TxDOT"), but did not obtain a permit from the
City of Houston ("the City"). The City issued a citation to appellant for his failure
to obtain a municipal permit, as required by the City's sign code. The City filed a
criminal complaint in municipal court against appellant, alleging that appellant
violated the City's sign code when he "unlawfully and knowingly use[d] a sign
located on the west side of the 18600 block of Kuykendahl Road, which is within the
sign code application area of the City of Houston, without first having secured a
written permit from the [City's] sign administrator. . . ." 

 Appellant filed a motion to dismiss the complaint, contending that the City had
no authority to regulate off-premises signs located along federal interstate and
primary highways in the City's extraterritorial jurisdiction. Appellant asserted that
TxDOT has exclusive jurisdiction over permitting off-premises signs in such
circumstances. 

 Following a hearing, the municipal court denied appellant's motion to dismiss
in a written order, which enumerated the reasons for the denial. Among these reasons
was the municipal court's conclusion that Texas Local Government Code sections
216.901 and 216.902 permit a city to regulate signs in its extraterritorial jurisdiction. 
 After appellant pleaded no contest, the municipal court convicted appellant of
the misdemeanor offense of "Using a Sign Without a Permit" and assessed
punishment at a $500 fine. Appellant filed a motion for new trial, which was denied
by the municipal court. Appellant appealed the municipal court's judgment to county
criminal court. The county criminal court affirmed the municipal court's judgment,
and appellant filed this appeal.

Appellate Issues Limited to Issue Raised in Motion for New Trial


 In the county criminal court, appellant presented five issues attacking the
municipal court's denial of his motion to dismiss. (3) In his five issues, appellant
contends that the City cannot regulate new, off-premises signs in its extraterritorial
jurisdiction along federally funded interstates and primary highways because (1)
appellate courts have not held that the City has such authority; (2) the City does not
zone its extraterritorial jurisdiction; (3) Local Government Code sections 216.901 and
216.902 do not grant the City such authority; (4) Texas Administrative Code section
21.151 does not grant the City such power; and (5) TxDOT's counsel has not agreed
with the State's position.

 To perfect an appeal from a municipal court conviction, an appellant must file
a written motion for new trial with the municipal clerk setting forth the points of error
of which appellant complains. See Tex. Gov't Code Ann. § 30.00014(c) (Vernon
2004). For an appellant to preserve a point of error in an appeal from a municipal
court, he must raise the identical point in his motion for new trial. Lambert v. State,
908 S.W.2d 53, 54 (Tex. App.--Houston [1st Dist.] 1995, no writ); see Tex. Gov't
Code Ann. § 30.00014(b). In this case, appellant raised only the third issue in his
motion for new trial. Therefore, he did not preserve points of error one, two, four,
and five. See Lambert, 908 S.W.2d at 54; see also Tex. Gov't Code Ann.
§ 30.00014(b). 

 Because they are waived, we overrule appellant's first, second, fourth, and fifth
issues.

The City's Authority to Regulate Under the Local Government Code


 In his third issue, appellant reiterates the ground raised in his motion for new
trial. Appellant contends that the language of Texas Local Government Code section
216.902 does not authorize the City to regulate off-premises signs in its
extraterritorial jurisdiction along federally-funded primary highways, such as
Kuykendahl Road. Appellant asserts that section 216.902 limits the City's authority
to regulate off-premises signs to rural roads in its extraterritorial jurisdiction. (4) 

 Local Government Code section 216.901 provides, "A home-rule municipality
may license, regulate, control, or prohibit the erection of signs or billboards by charter
or ordinance." (5) Tex. Loc. Gov't Code Ann. § 216.901(a) (Vernon 1999). Section
216.902 permits "[a] municipality [to] extend the provisions of its outdoor sign
regulatory ordinance and enforce the ordinance within its area of extraterritorial
jurisdiction . . . ." Id. § 216.902(a) (Vernon 1999). That section further provides, "If
a municipality extends its outdoor sign ordinance within its area of extraterritorial
jurisdiction, the municipal ordinance supersedes the regulations imposed by or
adopted under Chapter 394, Transportation Code." Id. § 216.902(b). 

 Chapter 394 of the Transportation Code governs regulation of outdoor signs
on rural roads. See Tex. Transp. Code Ann. §§ 394.001-.086 (Vernon 1999 &
Supp. 2006). Chapter 391 contains provisions governing outdoor advertising along
interstates and primary systems. See id. §§ 391.001-.251 (Vernon 1999 & Supp.
2006). As mentioned, the parties do not dispute that the sign at issue in this cases was
erected along a primary highway. 

 The narrow question that we must determine is whether the relevant provisions
of the Local Government Code permit the City to regulate off-premises signs such as
the one at issue in this case or whether the City is limited by section 216.902 to
regulating off-premises signs only on rural roads in the City's extraterritorial
jurisdiction. Matters of statutory interpretation, such as this, are questions of law for
which we conduct a de novo review. See State v. Jimenez, 148 S.W.3d 574, 576
(Tex. App.--El Paso 2004, pet. ref'd). 

 When interpreting a statute, we seek to effectuate the intent of the Legislature. 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To this end, "we
necessarily focus our attention on the literal text of the statute in question and attempt
to discern the fair, objective meaning of that text at the time of its enactment." Id. 
If the literal text of the statute is clear and unambiguous, we will give effect to that
plain meaning, unless the plain language would lead to absurd consequences that the
Legislature could not possibly have intended. Id. 

 Here, section 216.902's language is clear and unambiguous, and does not lead
to absurd consequences. Thus, we must follow the plain meaning of the text. See id. 
Pursuant to the plain text, a home-rule city may "extend the provisions of its outdoor
sign regulatory ordinance and enforce the ordinance" with regard to off-premises
signs along any road in its extraterritorial jurisdiction without limitation as to the type
of road. (6) 

 In his brief, appellant contends that, "under section 216.902(b)[,] the Houston
Sign Code signage regulations only pertain to signs adjacent to rural roads, not signs
adjacent to interstate or primary highways in Houston's extraterritorial jurisdiction,
as are Appellant's, and the Houston Sign Code does not supersede the regulations
imposed under Chapter 391 . . . ." While we agree that a home-rule city's sign code
does not supersede Chapter 391, we disagree that section 216.902(b) limits a home-rule city's regulating authority to rural roads only. The only restriction found in
section 216.902(b) is placed on the State, not the municipality. That is, a home-rule
city's sign ordinances supersede the State's regulations regarding rural roads in the
home-rule city's extraterritorial jurisdiction. 

 Section 216.902 has no provisions limiting a home-rule city's regulation of off-premises signs along interstates and primary highways in the city's extraterritorial
jurisdiction. To read such a restriction into the statute would be to impermissibly
augment section 216.902 with language not approved by the legislature. Moreover,
nothing in that section prohibits both the State and a home-rule city from regulating
concurrently off-premises signs along interstates and primary highways in the city's
extraterritorial jurisdiction. (7) See City of Houston v. Harris County Outdoor
Advertising Ass'n, 732 S.W.2d 42, 48 (Tex. App.--Houston [14th Dist.] 1987, no
writ) ("In the absence of express limitations, there is nothing that prevents a city from
enacting an ordinance covering the same subject as state or federal regulations."). In
sum, we hold that section 216.902 authorizes a home-rule city, such as Houston, to
regulate off-premises signs along primary highways in its extraterritorial jurisdiction. 
 We overrule appellant's third issue.

Conclusion


 We affirm the judgment of the trial court.





 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Publish. See Tex. R. App. P. 47.2(b).
1. Texas statutes distinguish between off-premises and on-premises signs for purposes
of sign regulation. See, e.g., Tex. Loc. Gov't Code Ann. § 216.902(c) (Vernon
1999) (providing that cities do not have authority to regulate on-premises signs in
certain instances in its extraterritorial jurisdiction).
2. The extraterritorial jurisdiction of a municipality with 100,000 or more inhabitants,
such as Houston, is "the unincorporated area that is contiguous to the corporate
boundaries of the municipality and that is located within five miles of those
boundaries." Tex. Loc. Gov't Code Ann. § 42.021(5) (Vernon 1999).
3. In addition to the briefs filed in the county criminal court, appellant and the State have
each filed a brief in this Court. Because the briefs filed by the parties in the county
criminal court constitute the briefs in the instant appeal, we do not consider the briefs
filed by the parties in this Court. See Tex. Gov't Code Ann. § 30.00027(b)(1)
(Vernon 2004).
4. In his motion for new trial, appellant cited section 216.901, but referenced the
statutory language of section 216.902.
5. The City of Houston is a home-rule city.
6. Section 216.902(c) does restrict a city's regulation of on-premises signs. Tex. Loc.
Gov't Code Ann. § 216.902(c).
7. To the extent that appellant contends that section 21.151 of the Texas Administrative
Code or any other state or federal authority prohibit regulation by the City, such
contentions were not preserved because they were not raised in appellant's motion for
new trial in the municipal court. See Lambert v. State, 908 S.W.2d 53, 54 (Tex.
App.--Houston [1st Dist.] 1995, no writ); see also Tex. Gov't Code Ann.
§ 30.00014(b) (Vernon 2004).