**Efrain P. MARCIGLIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–93–448–CR to 01–93–451–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1993.

Efrain P. Marciglio, pro se.

Benjamin L. Hall, II, Ronald J. Beylotte, Horace Teague, Houston, for the State.

Before DUGGAN, DUNN and ANDELL, JJ.

**OPINION**

ANDELL, Justice.

Appellant, Efrain P. Marciglio, was found guilty of several traffic offenses after trial in Houston municipal court, a court of record as per TEX.GOV'T CODE ANN. § 30.262 (Vernon 1988). The judgment of the municipal court was affirmed on appeal by the county criminal court at law. Appellant then appealed to this Court as authorized by TEX.GOV'T CODE ANN. § 30.278 (Vernon 1988). We affirm.

On November 8, 1991, appellant was stopped by a Houston police officer and was ticketed for failure to display a valid opera-

tor's license, failure to stop at an intersection with a red light, operating a motor vehicle without auto liability insurance, and operating a motor vehicle on a public street with a muffler that caused excessive noise.

Appellant pled not guilty to these charges and proceeded pro se to trial by jury in municipal court. Appellant was found guilty and fined two hundred dollars on each charge. This judgment was later affirmed by the county criminal court at law. Appellant then appealed to this court and the record was transferred from the county criminal court at law to this Court. The record before this Court consists of the transcripts from the municipal court and the county criminal court at law and the appellate briefs filed in the county criminal court at law. However, the record does not contain a statement of facts from the trial in the municipal court.

 In one point of error, appellant argues that his right to due process was violated because no court reporter was present when he was convicted in the municipal court. He apparently contends that, had a court reporter been present, the statement of facts would have revealed several other grounds for appeal.

The State responds that appellant has presented nothing for this Court to review on appeal because the "statement of facts" as set out in appellant's brief is not in compliance with the requirements set forth in TEX. GOV'T CODE ANN. § 30.272 (Vernon 1988), which provides:

A statement of facts included in the record on appeal must contain:

(1) a transcript of all or part of the municipal court of record proceedings that are shown by the notes of the court reporter to have occurred before, during, or after the trial, if the transcription is requested by the defendant;

(2) a brief statement of the facts of the case proven at trial as agreed to by the defendant and the prosecuting attorney;

(3) a partial transcription and the agreed statement of the facts of the case; or

(4) a transcription of all or part of the court proceedings in the case that is pre-

pared from mechanical or videotape recordings of the proceedings.

 The facts as alleged in appellant's brief clearly are not in compliance with § 30.-272. However, a statement of facts is not always a necessary part of a record on appeal. Section 30.270(c) of the Government Code provides in part: "The record on appeal consists of a transcript and, *if necessary to the appeal, a statement of facts.*" TEX. GOV'T CODE ANN. § 30.270(c) (Vernon 1988) (emphasis added). Therefore, the fact that appellant's statement of facts is inadequate does not mean that appellant has presented nothing for this Court to review.

In fact, the very crux of appellant's point of error is that he is unable to present an adequate statement of facts on appeal because there was no court reporter present at his trial. Therefore, the first issue this Court must resolve is whether appellant had a right to have a court reporter present during his trial. Secondly, we must decide whether he was unconstitutionally denied that right.

The answer to the first inquiry is found in TEX.GOV'T CODE ANN. § 30.266 (Vernon 1988), which states:

Each municipal court may appoint an official court reporter to transcribe the trial proceedings, including testimony, voir dire, examinations, objections, and final arguments. *If the defendant or the state requests a court reporter prior to trial, the judge shall appoint an official court reporter.* The reporter is entitled to receive a salary set by the governing body.

(Emphasis added.)

This statute gives appellant the right to have a court reporter present at his trial, *if* he requests one. However, the record does not reflect, nor does appellant contend in his brief, that he ever requested the presence of a court reporter. Appellant was not deprived of his right to have a court reporter present at his trial; he merely failed to exercise that right.

Appellant's point of error is overruled.

208

The judgment of the county criminal court at law is affirmed.