**Kelvin Gary ROBERTS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–285–CR.**

Court of Appeals of Texas,
Fort Worth.

May 10, 2001.

Rehearing Overruled June 28, 2001.

Marcus Busch, Irving, John R. Rutledge, Arlington, for Appellant.

Paul F. Wieneskie, Cribbs & McFarland, P.C., Arlington, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

### OPINION

CAYCE, Chief Justice.

The municipal court for the City of Euless found Kelvin Gary Roberts guilty of the offense of speeding and assessed a fine of $109.25. Roberts appealed to the county criminal court of appeals, which affirmed the trial court's judgment. We will affirm.

On August 2, 1998, a public safety officer at the Dallas Fort Worth International Airport (the "airport officer") issued a traffic citation to Roberts for driving fifty-five miles per hour in a zone designated thirty-five miles per hour. The offense occurred in the 3700 block of International Parkway South Service Road, which is located on the airport's premises and within the corporate limits for the City of Euless.[1] The airport officer filed the case with the municipal court for the City of Euless. At trial, Roberts objected to the municipal court's jurisdiction and moved to set aside the complaint. The municipal judge denied Roberts's motion.

In his brief before the county criminal court of appeals, which is the operative brief before this court,[2] Roberts complains that the trial court erred because the municipal court for the City of Euless does not have jurisdiction to (1) adjudicate offenses that occur on airport property; (2) empower airport officers to enforce Euless ordinances; or (3) regulate the roadways on the property of the airport. Roberts contends that because the municipal court lacked jurisdiction, it abused its discretion and violated the constitutions of the United States and Texas by adjudicating the instant offense. Finally, Roberts argues that the City of Euless ordinance regulating speed on airport property is void because airport roads are not "public" roadways.

The municipal court for the City of Euless derives its jurisdiction from section 29.003 of the government code, which provides in relevant part:

(a) A municipal court, including a municipal court of record, shall have exclusive original jurisdiction within the territorial limits of the municipality in all criminal cases that:

(1) arise under the ordinances of the municipality; and

(2) are punishable by a fine not to exceed:

(A) $2,000 in all cases arising under municipal ordinances that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; or

(B) $500 in all other cases arising under a municipal ordinance.

Act of May 24, 1995, 74th Leg., R.S., ch. 449, § 2, 1995 Tex. Gen. Laws 3150, 3151, *amended by* Act of May 19, 1999, 76th Leg., R.S., ch. 611, § 1, 1999 Tex. Gen. Laws 3151, 3152, *and* Act of May 24, 1999, 76th Leg., R.S., ch. 660, § 1, 1999 Tex. Gen. Laws 3231, 3231 (current version at TEX. GOV'T CODE ANN. § 29.003(a) (Vernon Supp.2001)).

In addition to the government code's jurisdictional provision, the Code of Rules and Regulations for the Dallas–Fort Worth International Airport (the "Airport Code") provides in relevant part:

[I]f the City Council [of each City adopting this Code] shall elect to enact such rules, regulations and orders in the manner and form prescribed for other penal ordinances of such City, the municipal court or courts of such City *shall each have concurrent jurisdiction with any other proper forum over offenses arising thereunder and within the corporate limits of such City;* and the duly authorized and commissioned peace officers or other enforcement officers of the Dallas–

---

1. Both the Airport Board and the City of Euless have instituted a thirty-five mile per hour speed limit for the 3700 block of International Parkway South Service Road. 1988 REV.CODE OF RULES & REGULATIONS OF DALLAS–

FORT WORTH INT'L AIRPORT BD., App. 1 (1994); EULESS, TEX., CODE § 82–62 (2000).

2. *See* TEX. GOV'T CODE ANN. § 30.00027(b) (Vernon Supp.2001).

Fort Worth International Airport *shall thereafter be authorized to file cases arising thereunder in such municipal courts,* in addition to any other convenient and proper forum.

1988 REV.CODE OF RULES & REGULATIONS OF DALLAS FORT WORTH INT'L AIRPORT BD., ch. 10, § 4 (1994) (emphases supplied). Thus, the Airport Code provides for the concurrent jurisdiction of the Airport Board and municipalities whose territorial limits are within the airport's boundaries, such as the City of Euless. The Airport Board's grant of concurrent jurisdiction is limited to those offenses that occur on airport property and within the municipality's corporate limits. *Id.* The City of Euless adopted the Airport Code to "address[ ] conduct within those portions of the Airport within the corporate city limits of the City of Euless." Euless, Tex., Ordinance 987 (Sept. 27, 1988).

Because the Airport Board has passed a resolution regulating the speed of automobiles passing through the airport complex, and because the City of Euless accepted those regulations when it adopted the Airport Code, we conclude that the municipal court for the City of Euless has jurisdiction to hear cases that arise from traffic violations occurring within the corporate limits of the City of Euless and on the airport's premises.

The instant case arose from a traffic violation that occurred within the corporate limits of the City of Euless and on the airport premises. The airport officer properly filed the citation in the municipal court for the City of Euless. The trial court, therefore, did not err in adjudicating the traffic offense against Roberts.

Roberts urges, however, that the City of Euless has no jurisdiction over what occurs on airport property because the City of Euless was not a party to the agreement between the City of Dallas and the City of Fort Worth that created the air-

port. Roberts relies on section 22.074(d) of the transportation code, *City of Euless v. Dallas/Fort Worth International Airport Board,* 936 S.W.2d 699 (Tex.App.— Dallas 1996, writ denied), and *City of Irving v. Dallas/Fort Worth International Airport Board,* 894 S.W.2d 456 (Tex. App.—Fort Worth 1995, writ denied) to reach the conclusion that the City of Euless is prohibited from enacting or enforcing any ordinance that affects activities within the airport's boundaries.

Roberts's argument is misplaced because the statute and cases on which he relies do not prohibit the City of Euless from adjudicating a traffic violation that occurred on airport property. Instead, they only prohibit local governments from passing zoning ordinances or other land use regulations that affect land within the airport's boundaries. *See* TEX. TRANSP. CODE ANN. § 22.074(d) (Vernon Supp.2001) (providing that local governments "may not enact or enforce a zoning ordinance, subdivision regulation, construction code, or other ordinance purporting to regulate the use or development of property" within airport's boundaries); *City of Euless,* 936 S.W.2d at 703 (determining that power of eminent domain over roads within airport's geographic boundaries delegated to airport board); *City of Irving,* 894 S.W.2d at 468 (holding that legislature delegated zoning powers to airport board and withdrew home-rule cities' authority over DFW airport property).

Because the municipal court for the City of Euless has concurrent jurisdiction with the Airport Board over offenses arising within the corporate limits of the City of Euless within the airport's boundaries, we overrule points one through six and affirm the trial court's judgment.