**Opinion issued December 15, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-21-00545-CR
_____

**MARTIN FELTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Brazoria County, Texas**
**Trial Court Case No. 250807**

## O P I N I O N

On this date, the Court considered the motion for rehearing filed by appellant, Martin Felts, on November 9, 2022. We deny the motion, but we withdraw the opinion and judgment of October 27, 2022, and issue this opinion and judgment in their stead.

Appellant, Martin Felts, pleaded no contest to misdemeanor theft of property having a value less than $100,[1] and the municipal court of record assessed his punishment at a $200 fine. The municipal court then deferred the imposition of the fine for approximately four months; if appellant met complied with certain conditions during the period of the deferred disposition, the charge against him would be dismissed. After two months, the court held a hearing, at which it determined that appellant had violated the terms of his deferred disposition. Thereafter, the municipal court convicted appellant and imposed the aforementioned $200 fine. Appellant appealed to the county court at law, which affirmed his conviction, leading to the appeal before this Court. In 12 related issues, appellant challenges the procedure through which his deferred disposition was revoked. We affirm.

## BACKGROUND

On February 23, 2021, a complaint was filed against appellant in Pearland Municipal Court, a municipal court of record.[2] On June 2, 2021, appellant pleaded no contest to misdemeanor theft of property having a value less than $100 and the municipal court assessed a $200 fine as punishment.[3] Under the authority of Article 45.051 of the Texas Code of Criminal Procedure, the trial court "order[ed] that the

---

[1]     See TEX. PENAL CODE § 31.03(a), (e)(1).

[2]     Appellant pleaded guilty in the Pearland Municipal Court, which is a municipal court of record. See TEX. GOV'T CODE § 30.00003 (regarding creation of municipal courts of record) and § 30.00005 (regarding jurisdiction of municipal courts of record).

[3]     See TEX. PENAL CODE § 31.03(a), (e)(1).

imposition of the fine is deferred," and set several conditions of the deferred disposition, including that appellant "NOT be subsequently charged with any offense against the laws of the state, the United States, or any penal ordinance of any political subdivision of the state." *See* TEX. CODE CRIM. PROC. art. 45.051.

On July 6, 2021, the municipal court notified appellant that the court was setting a "show cause" hearing on August 2, 2021, at which appellant could "explain why you failed to comply with your agreement(s) made with this court." *See id.* § 45.051(c-1). The municipal court also informed appellant that "[y]ou may show any proof you have to the judge that your condition(s) have been met." Finally, the municipal courted noted that "[i]f you case(s) results in a conviction, then the judge will inform you of any fines due and the due date."

On August 3, 2021, the municipal court held the aforementioned show-cause hearing, after which it issued a Final Judgment that (1) noted that appellant had pleaded no contest to the charged offense and (2) assessed fines and costs at $216, noting that appellant had already paid $200. *See id.* §§ 45.041, 45.051(d). This judgment constitutes a final conviction. *See id.* 45.051(d). Appellant did not request a court reporter at the show-cause hearing, and no record was made of the proceeding. *See* TEX. GOV'T CODE § 30.00010(c).

On August 11, 2021, appellant filed a Motion for New Trial in the municipal court. *See* TEX. CODE CRIM. PROC. art. 45.037. In his motion, appellant (1) alleged

3

that his trial counsel was ineffective for advising him to plead guilty and challenged whether (2) the municipal judge could, sua sponte, move to revoke the deferred disposition, (3) he was entitled to advance notice of such revocation, (4) his deferred disposition could be revoked without evidence that the conditions of deferred had been violated, (5) the municipal court could revoke his deferred disposition without an evidentiary hearing, (6) the municipal court could place the burden of proof on appellant in the revocation proceeding, (7) article 45.051 of the Code of Criminal Procedure unconstitutionally shifts the burden of proof to appellant, (8) the court could revoke deferred without an actual violation of the law, and (9) the municipal court properly followed article 45.051, gave appellant adequate notice of the hearing, and preserved a record thereof.

On September 9, 2021, the municipal court denied appellant's motion for new trial, and on September 2, 2021, appellant filed a notice of appeal to the Brazoria County Court at Law No. 1. *See* TEX. CODE CRIM. PROC. arts. 4.08, 45.042. The appeal in the county court at law was on the record only,[4] and, after both appellant and the State filed briefs, the county court at law affirmed the municipal court judgment.[5]

---

[4]    An appeal in the county court at law from a municipal court of record is "based on error reflected in the record," and is not trial de novo. *See* TEX. CODE CRIM. PROC. art. 45.042(b).

[5]    For purposes of this opinion, we refer to the justice court at the "trial court" and the county court at law as the "reviewing court."

This appeal followed. *See* TEX. CODE CRIM. PROC. art. 4.03.

## PROPRIETY OF COUNTY COURT AT LAW'S AFFIRMATION OF MUNICIPAL COURT OF RECORD JUDGMENT

In 12 issues on appeal, appellant contends that the county court at law erred by affirming the judgment of the municipal court of record. Specifically, appellant contends that (1) the county court at law and this Court have jurisdiction over his appeal, (2) his trial counsel was ineffective for advising him to plead guilty, (3) the municipal judge could not, sua sponte, move to revoke the deferred disposition, (4) he was denied advance notice of such revocation, (5) his deferred disposition could not be revoked without evidence that the conditions of deferred disposition had been violated, (6) the municipal court could not revoke his deferred disposition without an evidentiary hearing, (7) the municipal court could not place the burden of proof on appellant in the revocation proceeding, (8) article 45.051 of the Code of Criminal Procedure unconstitutionally shifts the burden of proof to appellant, (9) the court could not revoke a deferred disposition without an actual violation of the law, (10) the municipal court did not properly follow article 45.051, give appellant adequate notice of the hearing, and preserve a record thereof, (11) requiring appellant to prove compliance with the conditions of deferred disposition violates his right against self-incrimination, and (12) the trial court abused its discretion in revoking appellant's deferred disposition.

*Applicable Law*

As discussed earlier, appellant appealed the municipal court's judgment to the county court at law. To perfect an appeal from the judgment of a municipal court of record, the defendant must file a motion for new trial setting out "the points of error on which the appellant complains." TEX. GOV'T CODE § 30.00014(c). The reviewing court must decide the appeal "on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and reporter's record." *Id.* § 30.00014(b). Accordingly, "when appealing from a municipal court of record, to preserve an issue for consideration, a claim of error must be raised in the motion for new trial, and the record must reflect that the same claim was raised before the municipal court." *Leverson v. State*, Nos. 03-15-00090-CR, 2016 WL 4628054, at *2 (Tex. App.—Austin Aug. 30, 2016, no pet.) (mem. op., not designated for publication). Moreover, "[a]n appeal from the municipal court of record may not be by trial de novo." TEX. GOV'T CODE § 30.00014(b); *see Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet.) (mem. op.) (providing that reviewing court "may not retry the case"). Instead, the reviewing court "sits as an appellate court and considers arguments addressing any errors shown in the municipal court record." *Nelson v. State*, No. 12-10-00263-CR, 2011 WL 2638738, at *1 (Tex. App.—Tyler June 30, 2011, no pet.) (mem. op., not designated for publication).

6

After the reviewing court considers the appeal, a defendant may seek further appellate review with a court of appeals if "the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the [reviewing] court" or if "the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." TEX. GOV'T CODE § 30.00027(a). However, unlike more traditional appeals, "the record and briefs on appeal in the [reviewing] court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise." *Id.* § 30.00027(b). Accordingly, the briefs before the reviewing court are "the operative brief[s] before" a court of appeals. S*ee Roberts v. State*, 49 S.W.3d 89, 90 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also O'Reilly v. State*, 501 S.W.3d 722, 724 (Tex. App.—Dallas 2016, no pet.) (noting that defendant "raised three issues in his appeal to the county criminal court of appeals to which he is limited here on appeal"); *Sanchez v. State*, 137 S.W.3d 860, 861 n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) (explaining that discussion of appellate point "refer[red] to the issue raised in the brief filed by appellant in the county criminal court"). A court of appeals may not "consider the briefs filed by the parties" with the court of appeals. *See Brooks v. State*, 226 S.W.3d 607, 609 n.3 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Avni v. State*, No. 14-16-00445-CR, 2016 WL 7108398, at *2 (Tex. App.—Houston [14th Dist.] Dec. 6, 2016, no pet.) (mem. op., not designated for publication) (stating that "[t]he court of appeals will not

consider briefs in a municipal appeal other than those filed in the county court"); *Huy H. Le v. State*, No. 14-14-00747-CR, 2015 WL 3524294, at *1 n.2 (Tex. App.—Houston [14th Dist.] June 4, 2015, no pet.) (mem. op., not designated for publication) (same).

"The Government Code does not fully address how a court of appeals should review an appeal from a judgment by a municipal court of record so as to account for the fact that there has been an intervening appellate determination by the county court at law." *Canada v. State*, 574 S.W.3d 4, 12 (Tex. App.—Austin 2017, no pet.). "However, the limitations imposed on the record and the briefing are strong indicators that the legislature intended for the review by a court of appeals to be a second appellate review independent of the determinations made by the first reviewing court, limited to the same challenges presented to the first reviewing court regarding the municipal court's judgment." *Id.* (citing *Garrett v. State*, 424 S.W.3d 624, 628 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (determining that court of appeals "review[s] the same two issues raised in the briefs submitted to the county criminal court at law")).

In this case, appellant contends that the municipal court erred by denying his motion for new trial. We review a trial court's denial of a motion for new trial under an abuse-of-discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded by rule on other grounds as stated in State v. Herndon*, 215

S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007); *see also Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010) (noting that appellate courts review evidentiary rulings for abuse of discretion). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside "the zone of reasonable disagreement," *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is "arbitrary or unreasonable," *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Moreover, "[a]n appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

***Jurisdiction***

In the reviewing court, the State argued that appellant had no right of appeal because he had contractually bargained it away in return for the State's recommendation that the disposition of his case be deferred. Specifically, the State represented to the reviewing court as follows:

> In this case, Appellant, with the benefit of the advice of counsel, entered into a plea agreement where his right to a jury trial and/or an appeal were expressly waived in the written document. In consideration, the State recommended conditions that, if successfully completed, would result in the charge against Appellant being dismissed. The same agreement also stated that if the terms were breached, a conviction would be entered. The terms were accepted by the [municipal] court, and the plea was accepted. The terms were breached. The [municipal] court has not given Appellant permission to raise an appeal. There is a

9

Certificate of appeal [from the municipal court] stating that the Appellant has no right of appeal.

Indeed, the municipal court's August 25, 2021 order denying appellant's motion for new trial discusses the plea agreement as follows:

On June 2, 2021, counsel for Martin Wayne Felts reached an agreement in open court (virtual remote hearing streamed live) after Mr. Felts' counsel spoke to the prosecutor they reached an agreement which was proven up in the court during the hearing:  the defendant Martin Wayne Felts entered a plea of No Contest in open court to his charge of Theft. Martin Wayne Felts agreed to no contest and a 120 day deferred disposition, during which time he was not to be subsequently charged with any other offense against the laws of the state, the United States, or any penal ordinance of any political subdivision of the state.

Appellant argues that, in the past, no appeal could be taken from a decision to revoke deferred, and that the municipal courts had followed that same law.  *See State v. Jamshedji*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that, because law concerning municipal courts did not provide an analogous rule of procedure, court would apply article Code of Criminal Procedure 42.12, which "does not provide for the direct appeal from a trial court's determination to proceed to adjudication when a defendant violates conditions of community supervision").  Appellant further argues that article 42.12 of the Code of Criminal Procedure has been amended to allow such an appeal, and that the municipal courts should also.

The State responds that the issue of a statutory right to appeal is irrelevant because, even if appellant had a statutory right of appeal, he contractually waived it.

10

We agree that the issue is one of waiver, but disagree with the State's position that appellant, by pleading no contest in exchange for a deferred disposition, has waived all right of appeal. In *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006), the court of criminal appeals held that "in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." While appellant may not appeal his no-contest plea or the order deferring disposition of his case, a presentencing plea bargain does not deprive an appellant of the right to appeal from a later adjudication proceeding. *See id.; see also Guerrero v. State*, 554 S.W.3d 268, 272–73 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding that waiver of right to appeal signed at time of plea did not prevent appeal from later judgment after adjudication).

Here, appellant's appeal to county court at law was not from the municipal court's June 2, 2021 order deferring his adjudication, but was from the municipal court's August 3, 2021 final judgment, which was appealable after the August 25, 2021 denial of his motion for new trial. *See* TEX. GOV'T CODE § 30.00014(c), (d).

Thus, the reviewing court had jurisdiction over appellant's appeal, and this Court has jurisdiction based on the reviewing court's affirmance of appellant's conviction. *See* TEX. GOV'T CODE § 30.00027(a) (stating appellant has right of

further appeal to court of appeals from reviewing court if fine exceeds $100 and judgment is affirmed by county court).

Having determined that we have jurisdiction, we proceed to address appellant's remaining issues.

### Record from Municipal Court Proceedings

In issue 10, appellant contends that the trial court erred by not preserving a record of either the plea hearing or the hearing at which his deferred disposition was revoked. He further argues that the absence of a court reporter's record violates his right to due process and due course of law. We address this issue first because its resolution impacts the remaining issues on appeal.

Article 30.00010 of the Texas Government Code provides in pertinent part:

(a) The municipality shall provide a court reporter to preserve a record in cases tried before a municipal court of record.

. . . .

(c) the court reporter is not required to record testimony in a case unless the judge or one of the parties requests a record.

Tex. Gov't Code § 30.00010(a), (c).

This Court considered the absence of a court reporter's record in a municipal court appeal, noting:

This statute gives appellant the right to have a court reporter present at his trial, *if* he requests one. However, the record does not reflect, nor does appellant contend in his brief, that he ever requested the presence

of a court reporter. Appellant was not deprived of his right to have a court reporter present at his trial; he merely failed to exercise that right.

*Marciglio v. State*, 862 S.W.2d 206, 207 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *King v. State*, No. 05-99-0841-CR, 2000 WL 1593973, at * 1 (Tex. App.—Dallas Oct. 26, 2000, no pet.) (mem. op., not designated for publication) (holding that defendant not denied due process by absence of court report in municipal court; "he merely failed to exercise [the right to have a court reporter present]").

Appellant's complaint is that he was not "informed how to request a record of the [zoom] hearing." However, he does not contend that he ever even attempted to request a record, not that he was unable to do so.

Because appellant never requested a court reporter, he was not denied his due-process-right to have a court reporter present; he merely failed to exercise that right.

Accordingly, we overrule issue 10.

### *Ineffective Assistance of Counsel*

In issue two, appellant contends that his trial counsel was ineffective because "he did not advise [appellant] with substantial evidence of innocence[,] to go to trial."

In reviewing a claim of ineffective assistance of counsel, we apply the United States Supreme Court's two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), that considers whether (1) the attorney's performance was deficient and (2) that deficient performance harmed the defendant. Under the first *Strickland* prong, any judicial review of whether counsel's performance was deficient must be highly

deferential to trial counsel and avoid the deleterious effects of hindsight. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We begin by presuming that trial counsel performed within professional norms. *Id.* We do not assume that counsel lacked a sound reason for making the choices he did; on the contrary, the defendant must demonstrate that no plausible reason exists for a particular act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Toledo v. State*, 519 S.W.3d 273, 287 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). When the record is silent as to trial counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone*, 77 S.W.3d at 833. In the majority of cases, the defendant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Here, the record is not merely underdeveloped; in this case, there is no reporter's record from either the plea hearing or the hearing at which the deferred disposition was revoked. Even if we were to assume that appellant could raise an

ineffective-assistance-of-counsel claim in connection with his initial "no contest" plea,[6] we nonetheless conclude that appellant fails in his burden to show such ineffective assistance. Although appellant claims that defense counsel urged him to plead "no contest" despite "substantial evidence of innocence," nothing in the record supports his assertions regarding either counsel's advice or his own innocence.

Accordingly, we overrule issue two.

### *Deferred Disposition Pursuant to Article 45.051—Applicable Law*

Appellant's remaining issues all concern the proper application of article 45.051 of the Texas Code of Criminal Procedure, which permits a municipal court to suspend a sentence and defer final disposition of a criminal conviction.[7] Thus, we consider the relevant portions of the statute, which provide as follows:

> (a) On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the judge may defer further proceedings without entering an adjudication of guilty and place the defendant on probation for a period not to exceed 180 days. In issuing the order of deferral, the judge may impose a find on the defendant in an amount not to exceed the amount of the find that could be imposed on the defendant as punishment for the offense. The fine may be collected at any time before the date on which the period of probation ends. The judge may elect not to impose the fine for good cause shown by the defendant. If the judge orders the collection of a fine under this subsection, the judge

---

[6] We again note that appellant pleaded "no contest" in exchange for the State's agreement to recommend that the municipal court defer appellant's sentencing if he met certain conditions for a period of four months.

[7] This deferral statute applies only to criminal proceedings in justice and municipal courts and is wholly separate from deferred-adjudication procedures permitted by articles 42a.101-111 of the Texas Code of Criminal Procedure.

shall require that the amount of the fine be credited toward the payment of the amount of any fine imposed by the judge as punishment for the offense. An order of deferral under this subsection terminates any liability under a bond given for the charge.

. . . .

(b) During the deferral period, the judge may require the defendant to:

(1) post a bond in the amount of the fine assessed as punishment for the offense to secure payment of the fine;

(2) pay restitution to the victim of the offense in an amount not to exceed the fine assessed as punishment for the offense;

(3) submit to professional counseling;

(4) submit to diagnostic testing for alcohol or a controlled substance or drug;

(5) submit to a psychosocial assessment;

(6) successfully complete an alcohol or drug abuse treatment or education program, . . .

(7) pay as reimbursement fees the costs of any diagnostic testing, psychosocial assessment, or participation in a treatment or education program either directly or through the court as court costs;

(8) complete a driving safety court . . .

(9) present to the court satisfactory evidence that the defendant has complied with each requirement imposed by the judge under this article, and

(10) comply with any other reasonable condition.

. . .

16

(c) On determining that the defendant has complied with the requirements imposed by the judge under this article, the judge shall dismiss the complaint, and it shall be clearly noted in the docket that the complaint is dismissed and that there is not a final conviction.

(c-1) If the defendant fails to present within the deferral period satisfactory evidence of compliance with the requirements imposed by the judge under this article, the court shall:

> (1) notify the defendant in writing, mailed to the address on file with the court or appearing on the notice to appear, of that failure; and

> (2) require the defendant to appear at the time and place stated in the notice to show cause why the order of deferral should not be revoked.

. . .

(d) If on the date of a show cause hearing under Subsection (c-1) . . . the defendant does not present satisfactory evidence that the defendant complied with the requirements imposed, the judge may impose the fine assessed or impose a lesser fine. The imposition of the fine or lesser fine constitutes a final conviction of the defendant. . . .

(e) Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01. If a complaint is dismissed under this article, there is not a final conviction and the complaint may not be used against the person for any purpose.

. . .

TEX. CODE CRIM. PROC. art. 45.051.

*Notice*

In issues three and four, appellant complains about the notice, or lack thereof, that he received under article 45.051. Specifically, in issue three he argues that the

17

State was required to file a motion to revoke and that he was entitled to receive advanced notice of the revocation. In both issues, appellant equates the deferred process set forth in article 45.051 with the revocation of community supervision and deferred adjudication community supervision found in articles 42A.751 (revocation of community supervision) and 42A.108 (revocation of deferred adjudication community supervision) of the Code of Criminal Procedure. Under those statutes, the trial court retains jurisdiction to hold a revocation hearing when (1) the State files a motion to revoke, continue or modify community supervision or deferred adjudication community supervision, and (2) a capias is issued for the arrest of the defendant. *See* TEX. CODE CRIM. PROC. arts. 42A.751(l) (regarding community supervision) and 42A.108 (regarding revocation of deferred adjudication community supervision). Neither of those statutes are applicable here.

Instead, article 45.051 provides that the trial court shall (1) "notify the defendant in writing . . . of that failure [to present satisfactory evidence of compliance]" and (2) "require the defendant to appear at the time and place stated in the notice to show cause why the order of deferral should not be revoked." *See id.* § 45.051(c-1) (regarding revocation of deferral order in municipal court). On July 6, 2021, the trial court sent appellant a notice complying with this requirement. Specifically, the notice provided:

You are now set for a Show Cause Hearing on your case(s) above. Due to the Coronovirus, your case has been set for a Remote Appearance for the safety concern for our defendants, citizens, and staff:

Your case has been set for: Virtual Court Docket on August 2, 2021 at 9:00 AM to explain why you failed to comply with your agreement(s) made with this court.

. . . .

You may show any proof you have to the judge that your condition(s) have been met.

You will be convicted if:

You do not appear for this show cause hearing.

The judge finds at the hearing that you have not fully complied with the conditions of your agreement.

You have paid your balance or fines after your due date on your agreement, and before coming to this hearing.

If your case(s) results in a conviction, then the judge will inform you of any fines due and the due date. If you do not come to this hearing, we will send a letter by mail to your last known address with this information.

This notice complies with article 45.051.

Appellant provides no argument or authority to support his assertion that due process requires the same level of specificity in the notice to revoke a deferred disposition in municipal court as a motion to revoke either community supervision or deferred adjudication supervision. Indeed, the only case cited by appellant— *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)— "has been interpreted to protect persons who

are released [from confinement], from reincarceration without due process of law." *Ex parte Hale*, 117 S.W.3d 866, 871 (Tex. Crim. App. 2003) (citing *Gagnon*, 411 U.S. at 782). Article 45.051 applies only in "misdemeanor case[s] punishable by fine only and payment of all court costs." TEX. CODE CRIM. PROC. art. 45.051.

Nor does appellant claim that he was unaware of the grounds on which revocation was based. The conditions of deferred in this case were minimal: (1) pay court costs and a special expense fee in the amount of $200 by July 2, 2021; (2) take a four-hour anti-theft class by August 31, 2021, and (3) "not be subsequently charged with any offense against the laws of the state, the United States, or any penal ordinance of any political subdivision of the state." The court costs could have been paid any time before the show cause hearing (and, in fact, the record shows that they had been paid) and completion of the anti-theft class was not yet due, thus the basis for the revocation was necessarily because appellant had subsequently been charged with a crime.[8] Thus, appellant cannot show that he was harmed by his claimed lack of notice. *See* TEX. R. APP. P. 44.2.

Accordingly, we overrule issues three and four.

---

[8] The trial court's order denying appellant's motion for new trial states that "[o]n July 3, 2021 at 22:57, [appellant] was booked into the Pearland Jail for a Class "C" Misdemeanor theft violation and a Class "A" Misdemeanor Unlawfully Carrying of Weapon which the Brazoria County Judge place[d] on an $8,000 bond."

*Evidentiary issues*

In four issues, appellant complains about the allocation of the burden of proof and the sufficiency of the evidence at the show-cause hearing. Specifically, in issues five and six, appellant argues that no evidence was presented by either side at the August 2, 2021 show-cause hearing. And, in issues seven and 11, appellant argues that the statute unconstitutionally shifts the burden of proof at the show-cause hearing to prove that he complied with the conditions of deferred disposition.

However, as mentioned earlier, appellant did not request a record from the show cause hearing,[9] thus he cannot show that the evidence is legally insufficient, regardless of which party bears the burden of proof. *See Hartis v. State*, No. 14-11-00882-CR, 2012 WL 359282, *2 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (mem. op., not designated for publication) (holding that defendant who did not request record under article 30.00010 failed to preserve errors related to evidence or objections at trial).

Accordingly, we overrule issues five, six, seven, and 11.

*Revocation during deferral period*

In issue eight, appellant contends that "the [trial court] only has the authority to impose the fine if the Defendant fails to submit evidence of compliance by the end of the deferral period," and that "[s]ince the power to impose the fine does not start until

---

[9]    *See* TEX. GOV'T CODE § 30.00010 ("The court reporter is not required to record testimony in a case unless the judge or one of the parties requests a record.").

21

the end of the deferral period the Court had no authority to impose the fine on August 2 as the deferral period continues until September 30." Specifically, appellant points out that the statute provides that, "[i]f the defendant fails to present *within the deferral period* satisfactory evidence of compliance with the requirements imposed by the judge," the judge shall notify the defendant and hold a show-cause hearing. *See* TEX. CODE CRIM. PROC. art. 45.051(c-1) (emphasis added). Appellant's position is that the trial court was required to wait until the end of the deferral period to hold a show-cause hearing.

Assuming without deciding that the statute gives appellant until the expiration of the deferral period before he can be required to show cause why the deferral should not be revoked, appellant cannot show that he was harmed by a premature hearing. According to the trial court's denial of appellant's motion for new trial, the deferred disposition was revoked because, on July 3, 2021, appellant was charged with subsequent offenses, i.e., class C misdemeanor theft and class B unlawful carrying of a weapon. This was in violation of the condition of deferred that appellant "NOT be subsequently charged with any offense against the laws of the state, the United States, or any penal ordinance of any political subdivision of the State." Waiting until the end of the deferral period would not have changed the fact that appellant was subsequently charged with a crime, thus, appellant cannot show that

22

the trial court's error, if any, in prematurely holding the show-cause hearing affected his "substantial rights." *See* TEX. R. APP. P. 44.2(b).

Accordingly, we overrule issue eight.

*Condition of deferred disposition*

In issue nine, appellant contends that the trial court abused its discretion by imposing a condition of deferred that "does not require an actual violation of the law in order to revoke." Specifically, appellant argues that the condition that appellant "'not be subsequently charged with any offense' do[es] not make it clear to a person of ordinary intelligence what they are required to do or avoid doing."

However, appellant voluntarily entered into a plea agreement with this condition and did not object to the condition at the time the deferred disposition order was signed. Indeed, he waited until after the court revoked the deferred disposition before objecting. As such, his objection is untimely and does not preserve error. *See* TEX. R. APP. P. 33.1(a)(1) (requiring complaint to the trial court "by a timely request, objection, or motion").

We overrule issue nine.

*Nature of trial court's discretion*

In issue 12, appellant contends that "the trial court abused its discretion not to revoke by misunderstanding the nature of its discretion." Specifically, appellant points out that, even though the statute gives the trial court the discretion to extend

23

the deferral period or reduce the fine, *see id.* § 45.051(c-3)(d), the court's show-cause notice said that "You **will be convicted** if: you do not appear for this show cause hearing; the judge finds at the hearing that you have not fully complied with the terms of your agreement; you have paid your balance or fines after your due date on your agreement, and before coming to this court." (Emphasis added).

Nothing in the record, other than the line in the show-cause notice referenced above, suggests that the trial court thought it was required to revoke appellant's deferred status.[10] The line in the notice to appellant does not, in and of itself, show any misunderstanding by the trial court.

And, even if we were to assume that the trial court "misunderstood the nature of its discretion," we would not sustain this issue on appeal because appellant cannot show that the actions taken by the trial court in the exercise of that discretion— finding appellant guilty and assessing punishment—constituted an abuse of discretion. As mentioned earlier, appellant did not request a record from the show cause hearing, without which he cannot show that the trial court abused its discretion in finding him guilty and assessing his punishment. Therefore, appellant cannot show that any actions taken by the trial court while exercising its discretion affected his substantial rights. *See* TEX. R. APP. P. 42.2(b) ("Any other error, defect, irregularity,

---

[10]   Again, we note that appellant did not request a reporter's record from the hearing at which he was adjudicated guilty, and we will not speculate about whether the trial court made any statements indicating that its discretion was limited such that he was required to revoke appellant's deferred status.

24

or variance that does not affect substantial rights must be disregarded.").  Nothing in the record supports appellant's supposition that the trial court *might* have acted otherwise had it known it was able to do so.

We overrule issue 12.

## CONCLUSION

We affirm the county court at law's judgment, which in turn affirmed the municipal court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Publish. TEX. R. APP. P. 47.2(b)